DANIEL CASEY, JR.,
Complainant Below, Appellant

*vs.*

SOUTHERN CORPORATION, a Delaware Corporation,
Defendant Below, Appellee.

*Supreme Court, On Appeal, Nov. 30, 1942.*

LAYTON, C. J., RICHARDS, RODNEY, SPEAKMAN and TERRY, JJ., sitting.

*Daniel Casey, Jr., in propria persona.*

*Hering, Morris, James & Hitchens,* for appellee.

LAYTON, Chief Justice, delivering the opinion of the court:

The appellee, by a motion to dismiss, has challenged

the jurisdiction of this court to hear and determine an appeal taken from a final decree of the Chancellor, on the ground that it was not accomplished within the time allowed by the applicable law and rule of court.

By *Article IV, Section* 12(4) of the *Constitution,* this court has jurisdiction to receive appeals from the Court of Chancery; and, by Section 5146 of the *Revised Code of* 1935, it is provided that

"No appeal from a final decree of the Chancellor shall be received or entertained in the Supreme Court, unless the praecipe therefrom shall be duly filed in the office of the clerk thereof within six months after the signing of said decree."

The succeeding section saves persons under certain disabilities from the operation of the limitation, and *Rule* 62 of this court, embodying the provisions of both sections provides that

"No appeal from a final decree of the Chancellor shall be received in this Court unless the praecipe shall have been duly filed in the office of the Clerk of this Court within six months after the signing of said decree; and the cause shall thereafter proceed in accordance with the rules and practice of this Court. The limitation of the foregoing provision with respect to any person under disability of infancy, coverture or incompetency of mind, at the time of signing a final decree, shall begin to run at the ceasing of such disability and not from the time of signing said decree."

By *Rule* 4 it is provided that all causes in error or appeal shall be begun in this court by filing with the clerk thereof a praecipe signed by counsel; and by *Rule* 64, the plaintiff in error or appellant, on filing a praecipe, is required to pay to the clerk the sum of twenty-five dollars, the whole, or such part as may be found to be due, to be refunded upon the decision of the cause.

The matter of this appeal is a final decree signed by the Chancellor on April 16, 1941. At this time, the appellant, a non-resident, was acting for himself in the proceedings in the Court of Chancery, the services of three different

solicitors previously employed by him having been dispensed with. Through some oversight the appellant was not notified that the decree had been signed, and he had no knowledge of the fact until the fifth day of August, 1941, when, upon his personal inquiry at the office of the Register in Chancery, he was informed.

It appears that he did nothing in the way of prosecuting an appeal from the decree until January 30, 1942, when he addressed the following letter to the clerk:

"January 30th, 1942.

"Chief Clerk,
"Supreme Court,
"State of Delaware,
"Wilmington, Delaware.

"Dear Sir: Re Daniel Casey, Jr. vs. Southern Corporation

"Under date of August 13th, 1941 Chancellor Harrington advised me as follows:

" 'I received your letter of August 7th and regret that you were not notified when the order was entered in your case. I had assumed that one of the Clerks had notified you of the result long ago. There is nothing further that I can do in the matter, but you, of course, have the right to take an appeal to the Delaware Supreme Court if you think the case was incorrectly decided.'

"Under date of August 30th, 1941 I was advised by the Secretary of State, of Delaware, that a period of six months is now allowed by law for an appeal from a decree of the Chancellor to the Supreme Court. It is now my wish to appeal this case to your Honorable Court based entirely on questions of fact that there is a preponderance of evidence in the Record requiring the Special Master to reach conclusions other than stated in his report, and the further fact that the testimony of James Monahan proved the fraud wherein the second Fifty thousand dollars was taken from Southern Corporation in transactions involving the Boston Insurance firm mentioned, and that the Chancellor erred as to Law in refusing my Petition of June 5th, 1940 for the appointment of Mr. Rommey Spring, of Boston, Mass., as Commissioner to take the testimony of a reluctant witness who had been previously been served, under the process of a Delaware Commission, and flagrantly disregarded Constitutional authority.

"Furthermore in light of the information contained in the Boston depositions of Record, this testimony made it mandatory for the Special

Master to act under his original Order of appointment, considering the especially designed provision inserted, by agreement, for the examination of this witness, and there was consistent refusal prior to the presentation of the said Petition.

"May I request an appearance before your Honorable Court so that I may portray the sad situation, and obtain the necessary review, assistance and action required.

"Respectfully yours,"

The letter, though incorrectly addressed to the clerk at Wilmington, was received by him, but no reply to it was made. No member of this court had knowledge of the case until June 3, 1942, when the appellant wrote to the Chief Justice asking for permission to appear before this court "to argue his right to appeal from the decision of the Chancellor in the case of *Daniel Casey, Jr., vs. Southern Corporation*", and stating that he had appeared personally in the proceedings below, and that he was not a member of the bar.

In reply to this letter, the appellant was informed that the Supreme Court would be in session on June 16; that at that time he might briefly present his matter to the court; that the fact that he was not a lawyer would not bar him; but whether there was anything before the court upon which it could act was another matter.

On June 16, 1942, the appellant appeared. The case of *Daniel Casey, Jr., v. Southern Corporation* was not on the court calendar. It was found that no appeal had been entered. Informal statements made by the appellant and by counsel for Southern Corporation gave some inkling of the matter in dispute. The appellant was informed that there was nothing upon which any action could be taken, but that an appeal properly before the court would, of course, be heard.

On July 8, 1942, the appellant, having paid the cost deposit required by *Rule* 64, filed a praecipe directing the clerk to issue a citation and writ of appeal, and thereupon the writ was issued.

In these circumstances the appellee has moved to dismiss the appeal.

The right to a review in an appellate tribunal exists only when and to the extent provided in the Constitution and laws of this State. *Elbert v. Scott, et al.*, 5 *Boyce* 1, 90 *A.* 587. It is not an inherent or inalienable right; and the general rule is that an appellate court is without jurisdiction to hear an appeal unless the proceeding therefor is filed within the time allowed by the governing law or rule of court. An apparent, though not real, exception to the rule is that a review proceeding will not be defeated if the failure to file the appeal within the time limited has been occasioned by the default of some officer such as a clerk or Judge. See 3 *Am. Jur.* 139. This is clearly for the reason that, in such case, the party seeking the review has done all that was required of him.

The appellant assumes that the statement made by the court that his appeal, when properly before the court would be heard, was an assurance that the appeal would be heard at all events upon his getting the record before the court. This assumption is without warrant, or even excuse. At that time the court had no knowledge of the facts except in a most general and uncertain way. It was known, however informally, that the appellee's position was that no appeal had been entered and that it was too late to take an appeal. The court could not, and of course did not, make free to determine its jurisdiction in so loose a fashion. Upon this contention, if indeed it is a contention, no more need be said.

It is insisted, however, notwithstanding the express language of the statute and rule of court, that the six months period within which an appeal is allowed did not begin to run until the appellant was informed of the time when the decree was signed; and, further that the appellant's letter of January 30, 1942, addressed to the clerk, should have all the force and effect of a formal praecipe.

Conceding, arguendo, that the first contention has merit, it is manifest that this court is without jurisdiction to hear this appeal unless the clerk should be held in default because of his failure to accept the appellant's letter as a praecipe for the entry of an appeal.

Judge Woolley (1 *Woolley Del. Pr., Sec.* 161) defines a praecipe as "a paper addressed to the Prothonotary, entitled in the court out of which the writ is to issue, dated the day of its filing, containing with particularity the names of the parties, showing the form of the action, commanding, as its name denotes, the issuance of a writ of the kind and in the manner directed, and signed by the attorney or by the party, if he conducts his suit alone." Mere form is not, of course, a determining factor; but the paper, whatever its form, must contain a positive order to put the judicial machinery in motion.

The letter to the clerk consists of complaints with respect to the Chancellor's decision, the writer's wish to appeal the case, and a request for permission to appear before this court "to portray the sad situation, and to obtain the necessary review, assistance and action required." Considered as a whole, the letter is a request for information and assistance with respect to an appeal in contemplation; but however the letter may be construed, or whatever inference may possibly be drawn from the language employed, we are unable to say that the clerk should have accepted it as a command or direction to enter an appeal and to issue the citation and writ of appeal required by our practice. There is more to be said. The general public policy of this State, either declared by statute directly, or by rule of court adopted and promulgated under statutory authority, requires of suitors the payment in advance of a stated amount to cover all or a part of, the costs of suit. Even in actions before Justices of the Peace a small cost deposit is exacted. The requirement tends to accomplish two ends: the institution of ill considered or unmeritorious suits is, in some

measure, prevented; and the payment of statutory official fees, a part of which at least are paid into the public treasury of the State or County, is to some extent secured. We cannot say that the public interest is not served thereby.

It is not claimed that the cost deposit required by *Rule* 64 accompanied the letter of January 30, 1942; and no praecipe was filed and no deposit was made until July 8, 1942, considerably over a year after the signing of the decree, and nearly a year after the appellant had actual knowledge of the time when the decree was signed. The appellant, however, puts his case in this way:

"Plaintiff received no reply to this letter and assumed, and justly so, that he had complied sufficiently with whatever may be the rule for taking an appeal".

This assumption is without justification. In answer to the appellee's argument that on August 5, 1941, there still remained two months within which to take an appeal, the appellant replies that the Legislature, for good reason, provided that a party should have full six months for the consultation with, perhaps, numerous parties, for a review of authorities and other necessary preparations. But so far as is disclosed, the appellant did nothing between August 5, 1941 and January 30, 1942, except to inquire of the Secretary of State as to the time allowed for an appeal. So far as it appears, he made no effort whatever to acquaint himself with the rules and practice of the court. He did not trouble himself even to ascertain the proper address of the clerk, nor whether the letter had been received and acted upon, although he knew on January 30, 1942, that the six months period of limitation was nearing its end.

Rules are for the guidance and control of litigants whether they sue in person or by agent. Ignorance of them furnishes no excuse. The appellant was not without experience in litigation. He was the complainant in the court below, and by rule of that court he was required to deposit the sum of twenty-five dollars "as an advance on account of

costs." He has been before this court more than once, and he appears to be a person of acute intelligence. It is impossible to look upon him as one so inexperienced as not to know that litigation is controlled by rules and practice, or so artless as to have believed that the writing of a letter of such substance as the one addressed to the clerk was all that would be required of him in the taking of an appeal.

Default implies a failure in duty. The letter, to employ an understatement was equivocal. Its real substance was a request for permission to appear before this court, a privilege which the clerk, as the appellant must have known, could not grant. Nor had the clerk authority to ignore the rule, and to proceed to docket an appeal and to issue the writs in the absence of the required cost deposit. It may be admitted that, ordinarily, letters are replied to, if only as a matter of courtesy; but the failure of the clerk to reply to the appellant's letter, in the circumstances shown, was not a default in a real or legal sense of which the appellant may avail himself. He must suffer the consequences of his own delinquencies. A personal visit to the clerk's office would have afforded him all necessary information. A letter asking directly what had to be done to take an appeal would, doubtless, have been answered.

Speaking generally, we know of no duty imposed on clerks of courts to advise litigants, and the dangers and embarrassments inherent in such practice are readily foreseeable. There is also a limit to the indulgence which courts of this State uniformly extend to persons undertaking to act for themselves in matters of litigation. We cannot set aside a statute; nor ought we to labor to set up an equity by imputing, upon insufficient grounds, a default to the clerk in order that the appellant may be saved the consequences of his own inattention. He finally learned of the provisions of the statute and rules relating to appeals; and what he learned too late, he easily and seasonably could have learned to his possible advantage.

The court is without jurisdiction to hear this appeal. The motion to dismiss must be granted.

The appeal is dismissed.