JAMES M. F. SHORT, Defendant-Appellant, v. THE STATE OF DELAWARE, Plaintiff-Appellee.

(*May* 4, 1962.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*John M. Ryan* for James M. F. Short, defendant-appellant.

*Clement C. Wood*, Chief Deputy Attorney-General, and *Norman E. Veasey*, Deputy Attorney-General, for the State of Delaware, plaintiff-appellee.

Supreme Court of the State of Delaware, No. 9, 1962.

MARVEL, Vice Chancellor.

This is an appeal from a sentence imposed by the Superior Court. The facts are as follows. On May 5, 1961 defendant waived indictment and consented to the filing of ten criminal informations charging him with ten acts of sodomy. Seven of these acts were alleged to have been engaged in with one person, two with a second person, and a single act with a third person. The acts charged, which are made felonies by § 831 of Title 11 *Del. C.*,[1] are alleged to have taken place between December 3, 1960 and March 6, 1961.

At his arraignment, which was also held on May 5, defendant pleaded guilty to the charges made in the ten informations lodged against him and the case was referred for pre-sentence investigation. While the pre-sentence investigation was in progress, defendant voluntarily underwent treatment at the hands of a clinical psychologist with results encouraging to the psychologist. Upon the filing of a pre-sentence report on December 1, 1961, the following sentence was imposed on nine of the informations, namely that defendant pay a fine of $50 on each charge and that in default of payment of any such fine that he be imprisoned for a period of ten days. In addition, defendant was sentenced to pay the costs of the proceedings and on the first information to be imprisoned for a period of eighteen months, commencing on December 1, 1961 and ending on May 31, 1963. An identical prison sentence was meted out on each of eight of the other informations. However, all prison sentences were directed to run concurrently.

As to the tenth information the same fine was imposed but in lieu of imprisonment defendant was placed on probation for a period of three years, commencing on the expiration of his prison sentence. Finally, the sentencing judge directed that

---

[1] "Whoever commits the crime against nature is guilty of felony, and shall be fined not more than $1,000 and imprisoned not more than 3 years, or both."

defendant be given psychiatric treatment during his imprisonment and subsequently during his probation.

The maximum sentence which defendant might have received under his pleas of guilty would have been total fines in the amount of $10,000 and thirty years in prison.

In January 1962, counsel for defendant filed a motion under Superior Court Criminal Rule 35(b), *Del. C. Ann.* in which he sought a reduction of sentence on the following grounds: (1) that inasmuch as § 7705 of Title 11 *Del. C.* denies parole to a sodomist, defendant must serve his entire term of imprisonment; (2) that "* * * defendant is a first offender with no prior criminal record and has in fact an exemplary public record * * *"; (3) that the type of offense of which defendant is guilty though technically criminal is essentially a medical problem which in defendant's case was responding to treatment prior to his imprisonment,[2] and (4) that the facilities for psychiatric treatment at the New Castle County Correctional Institution are extremely limited.

The sentencing judge orally denied defendant's motion for a reduction of sentence on January 26, entering a written order to such effect *nunc pro tunc* on March 9 after defendant had appealed to this Court on January 29.

Defendant, having pleaded guilty to the charges against him, appeals solely on the ground that the sentence of the Superior Court is so excessive as to constitute error.

Paragraph (1) (b) of § 11 of Article 4 of the Constitution of Delaware, *Del. C. Ann.* provides in part:

"The Supreme Court shall have jurisdiction as follows: * * *

---

[2] The clinical psychologist who treated defendant between his arraignment and sentence reported "* * * it is strongly anticipated that Mr. Short will not prove a social and/or legal problem in the future".

"(1) (b) To receive appeals from the Superior Court in criminal causes, upon application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes * * *."

The right to a review in an appellate tribunal exists only when and to the extent provided in the constitution and laws of this state, *Elbert v. Scott*, 5 *Boyce* 1, 90 *A.* 587, and *Casey v. Southern Corporation*, 26 *Del. Ch.* 447, 29 *A.* 2d 174, and there is nothing in the section of the Delaware Constitution above cited expressly granting this Court jurisdiction to reduce a criminal sentence which falls within the limits fixed by a statute.[3] In fact, it could well be argued that if this Court has jurisdiction under the cited constitutional section to reduce a sentence, it has a similar power in a proper case to increase a sentence. It is perhaps more logical to assume that the Constitutional Convention of 1897 in creating a Board of Pardons with authority to make recommendations to the Governor on applications for reprieves, commutations of sentence, and pardons, intended that criminal sentences of the Superior Court not in excess of statutory limits, were not to be reviewed by the Supreme Court.

The State, however, while conceding that an appeal such as the present one has never been before this Court, apparently does not question defendant's contention that the language of the constitutional provision here in issue authorizes a review by this Court of an allegedly excessive sentence of

---

[3] Appeals to the Superior Court from inferior courts and justices of the peace in all cases in which the sentence shall be imprisonment exceeding one month or a fine exceeding one hundred dollars have been held to be limited to the sentence alone after a plea of guilty, *State v. Stevens*, 3 *W. W. Harr.* 479, 139 *A.* 78, and *State v. Gale*, 11 *Terry* 354, 130 *A.* 2d 786, construing § 28 of Article 4, *Constitution of Delaware*.

the Superior Court. It is then argued that in the case at bar the sentence imposed was extremely light and that ordinarily a sentence will not be revised by an appellate court if it is within the limits fixed by statute,[4] *In re Lewis,* 11 *N. J.* 217, 94 *A.* 2d 328, and *State v. Benes,* 16 *N. J.* 389, 108 *A.* 2d 846. It is also pointed out that in most jurisdictions where sentences are reviewed on appeal an express constitutional or statutory method for review has been provided, 69 Yale Law Journal 1453.

But, we do not reach the question of whether or not this Court may properly review and revise a sentence of the Superior Court because there is clearly nothing in the record before us upon which such a review might proceed. The pre-sentence report on which the sentencing judge presumably relied in reaching a determination as to a proper sentence is not part of the record. In brief, there is nothing in the record on appeal to support defendant's contentions that the Court below abused its discretion, and for this reason defendant's appeal must be dismissed.

In so deciding, we expressly reserve the question whether this Court has the power to review a legal sentence. Upon that question, we have serious doubt.

---

[4]This doctrine long established in federal courts has recently been disregarded under special circumstances shown in the case of *U. S. v. Wiley* (*C. A.* 7) 278 *F.* 2d 500, a departure noted in 109 *University of Pennsylvania Law Review* 422. See also *State v. Johnson,* 67 *N. J. Super.* 414, 170 *A.* 2d 830.