Theodore **TRALA** and Vera **Trala**, his wife, Defendant Below, Appellants,

v.

**MELMAR INDUSTRIES, INC.,** Plaintiff Below, Appellee.

Superior Court of Delaware.

New Castle.

May 21, 1969.

**250**

Peter Warren Green, Wilmington, for appellants.

Gerald Z. Berkowitz, Wilmington, for appellee.

## OPINION

O'HORA, Judge.

Appellants, defendants before a Justice of the Peace Court below, seek reversal of a judgment for the appellee, plaintiff below. Appellee has moved to dismiss on grounds that no signed entry of security, as required for such appeal by 10 Del.C. § 9579, appears in the record.

Appellants have submitted affidavits indicating that a Magistrate's clerk or secretary told them that a cash deposit in the amount of the judgment appealed from was necessary in order to prosecute the appeal. The cash deposit was made and appeal papers were issued. Appellants at the time were without legal counsel. They now resist dismissal on two grounds, (1) that a cash deposit in the amount of the judgment makes a security bond unnecessary, 10 Del. C. § 9579 notwithstanding, and (2) that they should not be penalized for good faith reliance on the instructions of an agent of the Court.

Appellants' first ground does not justify ignoring 10 Del.C. § 9579. The purpose of that statute is not only to protect the amount of the judgment below, but also to obtain assurances from a surety that the appeal will be presented with effect, and that any judgment rendered against the appellants in excess of the stated bond will be paid. A mere cash deposit cannot replace these assurances. S. & S. Builders, Inc. v. Eagle Truck Transport, Inc., 11 Terry 346, 130 A.2d 558 (Super.1957).

The second ground likewise fails to justify allowing the appeal. Appellants have submitted uncontradicted affidavits indicating that they relied on information given them by the Magistrate's clerk in depositing cash rather than a signed surety as bond for the appeal. If supplying accurate legal information to litigants who had no counsel were one of the Magistrate's clerk's duties, then the Court might properly grant relief for the clerk's default. Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174 (1942). Likewise, if the misinformation concerned records or papers in the clerk's custody, with respect to which he had a duty to possess accurate knowledge, then relief might be in order. Yerkes v. Dangle, 3 Terry 362, 33 A.2d 406 (Super. 1943). Here, however, the misinformation involved a point of law, which appellants might have ascertained either by consulting the statute, or by seeking the advice of an attorney. Examination of the cases collected in 164 A.L.R. 537, indicates that under such circumstances, the appellants must accept the consequences of their willingness to rely on the gratuitous advice of the clerk. To the same effect is 14 C.J.S. Clerks of Courts § 49 and 15 Am.Jur.2d, Clerks of Courts, § 26.

Accordingly the motion to dismiss the appeal must be granted.

It is so ordered.