**Joseph BIBY and Jean Biby, his wife, Plaintiffs,**

**v.**

**Donald SMITH, Trading as Don's Mobil Service and Mobil Oil Corporation, a corporation, Defendants.**

Superior Court of Delaware, New Castle.

Nov. 9, 1970.

Frank J. Gentile, Wilmington, for plaintiffs.

Richard I. G. Jones, Wilmington, for Donald Smith.

Michael D. Goldman, Wilmington, for Mobil Oil Corp.

QUILLEN, Judge.

On March 10, 1968, Mrs. Jean Biby was injured at a Mobil Oil Service Station. Mobil Oil Corporation owns the premises and has a lease with Donald Smith who is the station operator. A praecipe and complaint were filed on January 13, 1970, charging Smith and Mobil Oil with negligence. The praecipe stated "To Sheriff— Please serve Donald Smith at 234 S. DuPont Highway. Will advise later as to service on corporation." Smith was served on January 15, 1970, but the writ to Mobil was returned "non est inventus" on February 2, 1970. On March 23, 1970, plaintiff supplied the corporate address and caused an alias summons to issue, which was returned, after service, on April 2, 1970. Mobil Oil Corporation argues that the two year statute of limitations period for personal injuries bars recovery since service was made after March 9, 1970, and, therefore, moves for summary judgment.

■ Filing of a praecipe tolls the statute of limitations. Rice v. McCaulley, 7 Houst. 226, 31 A. 240 at 243–244 (Ct. Errors & Appeals 1885); Philadelphia, B.W. R. Co. v. Gatta, 4 Boyce 38, 85 A. 721 at 727 (Sup.Ct.1913); Connecticut MLI Co. v. Merritt-Chapman & Scott Corporation, 19 Del.Ch. 103, 163 A. 646 at 647 (Chan. 1932); Bokat v. Getty Oil Co., Del.Supr., 262 A.2d 246 at 250; 1 Woolley, Delaware Practice, §§ 161, 178; 51 Am.Jur.2d Limitation of Actions § 208. However, this principle is subject to the qualifications that plaintiff must have a bona fide intent to prosecute his claim diligently and that there be no unreasonable delay in the service of process. See Dukes v. Collins, 7 Houst. 3, 30 A. 639 (Super.1884); International Pulp Equipment Co. v. St. Regis Kraft Co., 55 F.Supp. 860 (D.C.Del.1944); 54 C.J.S. Limitations of Actions § 266; 2 Moore's Federal Practice, Par. 3.07 [4.— 3–1 n. 23] (2d Ed.). Generally, the statute will continue to run, despite filing, where plaintiff could have brought the defendant before the Court but failed to do so. Bokat v. Getty Oil Co., *supra*.

■ Here, it is apparent that the original process was returned "non est inventus" because of plaintiff's failure to advise the Sheriff as to service on Mobil. Rule 4(g), Del.C.Ann., requires the return of process if the writ cannot be served within twenty days from issuance. It was not reasonable for him to wait until after the twenty day period and thereby prevent service of process. The needed information to complete service and to bring the defendant before the Court could have been obtained with reasonable diligence and given to the Sheriff at any time between January 13, 1970, and February 2, 1970. Under these circumstances, therefore, the statute is not tolled because there is an unreasonable delay in the service of summons.

Plaintiff contends that his delay was justified since he did not discover a tenable cause of action against Mobil until

March 9, 1970. The complaint joined Mobil as a defendant to enable Biby to learn of the business relationship between Smith and Mobil through discovery proceedings. A deposition hearing conducted on March 9th revealed that Mobil might be partly responsible for plaintiff's injury. This later discovery of a claim does not justify Biby's failure to secure Mobil's address and to duly inform the Sheriff of it between January 13th and February 2nd. This address could have been easily found. If plaintiff intended to join Mobil to cover all the possible legal avenues available to him, he should have completed service of process within the twenty day time limit set forth in Rule 4.

Federal practice supports this conclusion. As in Delaware, filing of the action stops the running of the statute. The statute is generally tolled only where there is a reasonable effort to effectuate issue and service of process. 1 Barron & Holtzoff, Federal Practice & Procedure § 163; 4 Wright and Miller, Federal Practice & Procedure §§ 1053, 1056.

Extended delays between filing and service, if reasonable, do not nullify the effect of filing, but "even a short delay may be too much if it was caused by plaintiff's deliberate action in withholding service." 1 Barron & Holtzoff, *supra* at p. 641. Several Federal cases suggest that where the defendant is available for service of process, delay in service, produced by plaintiff's "deliberate action", beyond the time in which the statute runs, is unreasonable. See Fistel v. Christman, 13 F.R.D. 245 (D.C.Pa.1952); Schram v. Holmes, 4 F.R.D. 119 (D.C.Mich.1943); Hukill v. Pacific & A. Ry. & Nav. Co., 159 F.Supp. 571, 17 Alaska 498 (D.C.Alaska 1958). The "deliberate action", here, is plaintiff's instruction not to serve process until further notice.

A praecipe should contain "a positive order to put the judicial machinery in motion." Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174 at 177 (Sup.Ct.

1942). Rule 3(a) commands that the praecipe direct the Prothonotary to issue the writ specified therein. The proviso in the praecipe, addressed to the Sheriff, to delay service of process qualifies the direction to the Prothonotary to issue summons against Mobil. Since there was no direction within the statutory period to accomplish service, the praecipe, in this case, does not reasonably contain a timely "positive order" nor a timely affirmative direction to activate the judicial process as required by *Casey* and Rule 3(a). See 72 C.J.S. Process § 9.

Summary judgment, therefore, should be entered in favor of the defendant, Mobil Oil Corporation. It is so ordered.