Richard R. WIER, Jr., Plaintiff,

v.

FAIRFIELD GALLERIES, INC., et al., Defendants.

Court of Chancery of Delaware, New Castle.

Submitted May 5, 1977.
Decided July 18, 1977.

Carolyn Berger, Dept. of Justice, Wilmington, for plaintiff.

John R. Bowman, Wilmington, for defendants.

HARTNETT, Vice Chancellor.

Plaintiff brought an action to permanently enjoin two corporate defendants and three of the corporate officers from transacting business in this State. The defendants are alleged to have violated 8 *Del.C.* § 371(b).[1]

Corporate defendants are alleged to have done business in this state without complying with this section in that they have conducted auction sales for the sale of jewelry in New Castle County.

The individual defendants are alleged, in the caption of the Complaint, to be officers of the corporate defendants. They are otherwise unidentified in the Complaint.

All the defendants moved to dismiss the Complaint on various grounds which will be separately discussed.

---

1. 8 *Del.C.* § 371(b) provides:

(b) No foreign corporation shall do any business in this State, through or by branch offices, agents or representatives located in this State, until it shall have paid to the Secretary of State of this State for the use of this State, $50, and shall have filed in the office of the Secretary of State:

(1) A certificate issued by an authorized officer of the jurisdiction of its incorporation evidencing its corporate existence. If such certificate is in a foreign language, a translation thereof, under oath of the translator, shall be attached thereto;

(2) A sworn statement executed by an authorized officer of each corporation setting forth (i) the name and address of its registered agent in this State, which agent shall be either an individual resident in this State when appointed or another corporation authorized to transact business in this State, (ii) a statement, as of a date not earlier than 6 months prior to the filing date, of the assets and liabilities of the corporation, and (iii) the business it proposes to do in this State, and a statement that it is authorized to do that business in the jurisdiction of its incorporation.

## I

The first ground urged for dismissal is that the individual defendants have not been properly serviced with process. All the defendants were served pursuant to 8 *Del.C.* § 382(a) [2] which provides for substitute service of process upon corporations doing business in Delaware. The individual defendants point out that this section, by its terms, refers only to corporations and does not apply to individuals. I agree.

The language of the statute is clear and unambiguous. Its provisions are limited to foreign corporations. It may not be used to obtain service of process over individuals. If the General Assembly had intended to subject officers, directors, employees or agents of foreign corporations to the provisions of 8 *Del.C.* § 382(a) it could have easily said so.

Plaintiff cites no authority for the proposition that a statute, which by its clear unambiguous language, is limited to service of process on foreign corporations can be broadened to include service of process on individual defendants.

Plaintiff did cite certain cases which hold that it is constitutionally permissible for the General Assembly to enact legislation for the service of process on individuals. The Delaware General Assembly thus far, however, has chosen not to enact such legislation.

Plaintiff also cites 2A *Sutherland Statutory Construction,* 4th ed., § 46.05 for the proposition that 8 *Del.C.* § 382 must be read with 8 *Del.C.* § 378 and § 384 which impose certain sanctions on agents of foreign corporations.

Plaintiff cites no case authority for this argument, however.

The section of *Sutherland* cited by plaintiff states in part:

"Chancellor Kent made a classic observation that: "In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter. *When the words are not explicit,* the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt and the remedy in view; and the intention should be taken or presumed according to what is consistent with reason and good discretion." If upon examination the general meaning and object of the statute is inconsistent with the literal import of any clause or section, such clause or section must, if possible, be construed according to that purpose. But to warrant the change of the sense to accommodate it to a broader or narrower import, *the intention of the legislature must be clear and manifest.*

*Where there is inescapable conflict between general terms or provisions of a statute and other terms or provisions therein of a specific nature, the specific will prevail and be given effect over the general.* (emphasis added)

The General Assembly has specifically limited substitute service of process to corporations. There is no ambiguity nor room for interpretation.

Plaintiff further argues that Subchapter XV, Chapter 1, Title 8, Delaware Code must be liberally construed, and because 8 *Del.C.* § 384 [3] provides sanctions against agents of

---

**2.** 8 *Del.C.* § 382(a) states:

(a) Any foreign corporation which shall transact business in this State without having qualified to do business under § 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit or proceeding against it in any state or federal court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corpora-

tion that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer of agent personally within this State.

**3.** 8 *Del.C.* § 384 states:

The Court of Chancery shall have jurisdiction to enjoin any foreign corporation, or any agent thereof, from transacting any business in this State if such corporation has failed to comply with any section of this subchapter (Subchapter XV, Chapter 1, Title 8, *Del.C.*) applicable to it . . . .

foreign corporations this necessarily means that the General Assembly must have also intended to have 8 *Del.C.* § 382(a) include agents of foreign corporations. The General Assembly certainly has not provided, however, that 8 *Del.C.* § 382(a) include a method of service of process on individuals.

■■■ As Judge Christie said in *Delaware Cit. for Cl. Air, Inc. v. Water & Air R. Com'n,* 303 A.2d 666 (Del.Super.1973):

> Finally, I note that the requirement of 7 Del.C. § 6015 that this part of the Code be "liberally construed in order to effect the purpose thereof" is not helpful. I cannot presume that by "liberal construction" the General Assembly intended that the specific administrative procedure it provided for in order to perfect an appeal should be ignored.

The statute is clear and unambiguous. I, therefore, hold that the Complaint must be dismissed as to the individual defendants since they have not been served personally and cannot be served by use of 8 *Del.C.* § 382(a). If a method for service of process on officers of foreign corporations doing business in Delaware is to be provided it must be provided by the General Assembly, not by the Courts.

## II

The second argument by the individual defendants is that the Complaint, on its face, does not allege that they personally were transacting business in Delaware and, therefore, no violation of Delaware law is alleged.

For the reasons stated above, this action will be dismissed as to the individual defendants. This argument is, therefore, moot and will not be considered further.

## III

The corporate defendants claim that the Complaint alleges that they were engaged in the holding of but one auction sale in the State of Delaware. They, therefore, urge that this does not constitute the doing of business under 8 *Del.C.* § 371(b), quoted

above, and that, therefore, the action should be dismissed as to them.

The argument is that if the corporate defendants were not doing any business in this State, they had no duty to file with the Secretary of State; therefore 8 *Del.C.* § 384 [4] does not apply to them and this Court has no jurisdiction to enjoin their activities.

The Complaint alleges that defendant, Fairfield Galleries, Inc. "is doing business in this state being engaged in the sale at auction of jewelry in New Castle County".

The Complaint also alleges that defendant, Midland Park Auction Galleries, Inc., "is doing business in this state, being engaged in the sale at auction of jewelry and oriental rugs in New Castle County".

Defendant urges that the language in the Complaint means that plaintiff claims only a single auction sale was conducted which, plaintiff urges, is not doing business in this State.

I am not persuaded that the original Complaint alleges only a single auction by each corporate defendant.

■■■ A Complaint in a civil action is only required to give defendant fair notice of the claim. It is to be liberally construed. *Moore's Federal Practice,* 2nd Ed. § 8.03 and § 8.13. I think the Complaint gives fair notice to the defendants that they are accused of holding auction sales.

Plaintiff filed an Amended Complaint which alleges that defendant-Fairfield held auction sales on four separate days and that defendant-Midland held auction sales on eleven separate days.

■■■ Even if the original Complaint can be construed to only allege a single auction sale, the Amended Complaint alleges several auction sales. No reason to disallow the Amended Complaint has been shown to the Court.

■■■ Amendments to a Complaint are liberally permitted to obtain jurisdiction. *Diebold Computer Leas., Inc. v. Commercial*

*Cr. Corp.,* 267 A.2d 586 (Del.Supr.1970). The Amended Complaint is therefore allowed.

Defendants claim that the Complaint should be dismissed because it only alleges a single auction sale is denied.

## IV

The primary question, therefore, is: "Does the holding of several auction sales in this State constitute sufficient doing or transacting of business in this State to bring corporate defendants within the requirements of Subchapter XV, Chapter 1, Title 8, Delaware Code?" The answer is: "Yes."

Defendants have cited *Crowell Corp. v. Topkis Construction Co.,* 267 A.2d 613 (Del. Super.1970); *Sinwellan Corp. v. Farmers Bank of Delaware,* 345 A.2d 430 (Del.Super. 1975), and *Klein v. Sunbeam Corp.,* 8 Terry 526, 94 A.2d 385 (Del.Supr.1952) in support of their contention that they have not done business in Delaware.

Pursuant to 8 *Del.C.* § 373 the *Crowell* case upheld service of process on a foreign corporation contractor doing a single job in Delaware.

The *Sinwellan* case involved a foreign corporation conducting limited activities in Delaware, but which had not complied with 8 *Del.C.* § 383 (actions by and against foreign corporations). *Sinwellan* attempted to sue in the Delaware Court without having first qualified to do business in Delaware.

The Court held that the "doing business" test under 8 *Del.C.* § 383 is stricter than the "doing business" test under 8 *Del.C.* § 382. The Court also held that the activities of *Sinwellan* were only incidental to its major purpose of operating a lodge in Maryland. *Sinwellan* was therefore permitted to bring its action in our courts.

In our case defendants are alleged to be engaged in Delaware in their primary purpose—the conducting of jewelry auctions without first qualifying to do business here under 8 *Del.C.* § 382. The *Sinwellan* case is therefore not controlling.

The *Klein* case was decided under a prior and less inclusive statute but the defendant was held to be doing business in Delaware.

As the Delaware Supreme Court said in the *Klein* case:

The question of what constitutes "doing business" in a state other than that of incorporation has been passed upon repeatedly by the federal courts. The process of judicial decision has culminated in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 which laid down the rule that a foreign corporation is doing business in a state sufficiently to constitute corporate presence in that state when the business done amounts to solicitation of business with some additional evidence of business activity within the confines of the state. Largely upon the authority of the *International Shoe Co.* case, the court below denied the defendant's motion to quash the service of process.

In our case, although there has been no discovery and the record is sparse, it can be reasonably assumed from the Exhibits attached to the Complaint and Amended Complaint that corporate defendants, or either of them, conducted a series of auctions at which bids from the public were solicited for numerous items of jewelry. We may also assume from the Exhibits that defendants, or either of them, leased premises to conduct the sales and advertised the sales extensively.

The criteria established by *International Shoe Co. v. Washington,* supra, for doing business was probably met, even if defendants conducted an auction on a single occasion because on that occasion numerous bids were solicited.

Since, however, plaintiff alleges that defendants conducted several auction sessions, the criteria set forth in *International Shoe Co.* has been easily met. The Complaint adequately sets forth facts, which if true, show that the corporate defendants were doing sufficient business in Delaware to cause them to fall within the requirements of 8 *Del.C.* § 371(b) quoted above.

Plaintiff's well plead allegations must be accepted as true for the purposes of defendants' motions. *Danby v. Osteopathic Hosp. Ass'n. of Del.,* 34 Del.Ch. 172, 101 A.2d 308 (1953).

The recent U.S. Supreme Court case of *Shaffer v. Heitner,* —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683. (Decided June 28, 1977) reinforces the holding in *International Shoe Co.*

As Justice Marshall said:

"Thus, the relationship among the defendant, the forum, and the litigation, rather than the mutually exclusive sovereignty of the States on which the rules of *Pennoyer* [*Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565] rest, became the central concern of the inquiry into personal jurisdiction. The immediate effect of this departure from *Pennoyer's* conceptual apparatus was to increase the ability of the state courts to obtain personal jurisdiction over nonresident defendants. See, e. g., Green, Jurisdictional Reform in California, 21 Hastings L.J. 1219, 1231–1233 (1970); Currie, The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois, 1963 U.Ill.L.F. 533; Developments, supra, at 1000–1008.

The Complaint will therefore not be dismissed as to the corporate defendants at this time.

## V

The corporate defendants also argue that there was insufficient service of process upon them since they were not transacting business generally for the purpose of service of process under 8 *Del.C.* § 384 quoted above.

This contention is disposed of by the discussion above. The corporate defendants were at least *prima facie* transacting sufficient business in Delaware to meet the threshold requirements of 8 *Del.C.* § 384. *Shaffer v. Heitner,* supra; *International Shoe Co. v. Washington,* supra.

The Motion To Dismiss by the individual defendants is granted.

The Motion To Dismiss by the corporate defendants is denied.

So ordered.