# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| REBECCA BENSON, | : | |
| | : | C.A. No: K13C-03-042 RBY |
| _____Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN M. MOW, D.P.M., | : | |
| | : | |
| Defendant. | : | |

*Submitted: October 28, 2014*
*Decided: December 4, 2014*

***Upon Consideration of Defendant Edwin M. Mow's, D.P.M.***
***Motion to Dismiss***
**GRANTED**

## ORDER

H. Cubbage Brown, Jr., Esquire, Brown Shiels & Beauregard, LLC, Dover, Delaware for Plaintiff.

Douglas T. Walsh, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware for Defendant Edwin M. Mow, D.P.M.

James E. Drnec, Esquire, and Melony R. Anderson, Esquire, Balick & Balick, LLC, Wilmington, Delaware for Defendant Bayhealth Medical Center, Inc.

Young, J.

## SUMMARY

With respect to medical negligence actions, Delaware requires strict adherence to statutory requirements, meant to prevent the filing of lawsuits lacking merit. Chief among these protections is the necessity of attaching a statutorily qualified affidavit of merit to the Complaint. That affidavit must be prepared and executed by an expert, who must meet specific, enumerated qualifications. Included in those requirements is the need for the expert to be board certified. An additional protection afforded would-be medical malpractice defendants is the statute of limitations. The case at bar involves the intersection of these two Delaware safeguards.

Rebecca Benson, ("Plaintiff"), was operated on by Dr. Edwin Mow ("Defendant"), a podiatrist who sought to alleviate her two foot conditions. Dr. Mow allegedly performed a faulty procedure, that did not correct Plaintiff's ailments. Dissatisfied with the care she received, Plaintiff enlisted the services of another podiatrist. This podiatrist also performed surgery upon Plaintiff, which, according to Plaintiff, ameliorated her foot problems.

Seeking recourse against her first physician, the Defendant, Plaintiff filed a medical negligence suit against him. Significantly, this suit was filed just on the cusp of the statute of limitations period. Defendant, by his present Motion to Dismiss, attacks the validity of the affidavit of merit, attached to Plaintiff's Complaint. As per Defendant, the affidavit of merit was not executed by a board certified physician, as is required by the governing statute. The Court finds the Defendant's allegation to be correct. As such, the Complaint, filed on the day the

statute of limitations expired, was non-compliant. This action is now time barred. Thus, Defendant's Motion to Dismiss is **GRANTED**.

**FACTS AND PROCEDURES**

On March 31, 2011, Plaintiff underwent a surgery performed by Defendant, to correct two foot conditions: (a) symptomatic right foot hallux valgus deformity with a metatarsal primus varus, deformity of the 1st metatarsal, and; (b) symptomatic 2nd hammertoe deformity. The surgery was performed at Bayhealth Medical Center, in Milford, Delaware. According to Defendant, the surgery aimed at alleviating the hammertoe was unsuccessful. After an additional five months under the care of Defendant, Plaintiff sought out the services of Dr. Harry S. Tam. On October 23, 2011, Plaintiff underwent an additional surgery, this time performed by Dr. Tam, which Plaintiff claims corrected the foot conditions Defendant's surgery had failed to resolve.

On March 31, 2013, Plaintiff filed the instant action, alleging medical negligence against Defendant and Bayhealth Medical Center, Inc. ("Bayhealth"). The date of the filing was the date on which the statute of limitations expired on Plaintiff's action.[1] Plaintiff's Complaint also lacked the required affidavit of merit. However, this Court granted Plaintiff's motion to extend time to file an affidavit of merit, and Plaintiff timely filed the required document on May 23, 2013. The affidavit was prepared and executed by Dr. Tam, who, according to the affidavit, was a board qualified physician, but not a board certified physician. The affidavit further indicated

---

[1] Pursuant to 18 *Del. C.* § 6856, a Plaintiff has 2 years to bring a medical negligence suit.

that Dr. Tam would be sitting for certification at a later date.

On August 15, 2013, service upon Defendant failed. The writ was returned to the Prothonotary. There is some disagreement between the parties, as to whether Plaintiff made further attempts to execute service upon Defendant. As per Plaintiff, service was unsuccessful due to Defendant's having changed his mailing address. On July 24, 2014, this Court granted Plaintiff's motion to extend time to serve Defendant. Defendant was served on September 3, 2014. In the meantime, on February 18, 2014, Bayhealth was dismissed from this action. This Court granted Bayhealth's Motion to Dismiss, finding that the Complaint failed to "allege any specification of negligence against [Bayhealth]."[2]

## **DISCUSSION**

This Court has granted the Plaintiff in the instant matter many leniencies as she has proffered her case. At the very start, this Court extended the time to file an affidavit of merit, thereby, tolling the statute of limitations, permitting Plaintiff's case to go forward. Plaintiff did timely file an affidavit of merit, to proceed with her case. When Plaintiff was unable to serve the Defendant, she was permitted additional time to serve. Ultimately, she timely served the Defendant.

Now, Defendant moves to dismiss Plaintiff's action under two theories. First, Defendant claims that the action is barred by the statute of limitations, pursuant to 18

---

[2] Court's Order granting Bayhealth's motion to dismiss, dated February 18, 2014.

*Del. Code* § 6856.[3] The factual circumstances underlying this defense are that, although Plaintiff filed her Complaint on the date the statute of limitations expired, this Complaint lacked an affidavit of merit. Defendant's first theory involves this very same affidavit of merit. 18 *Del. Code* § 6853 requires that a complaint sounding in medical negligence be accompanied by an affidavit of merit. Furthermore, as per 18 *Del. Code* § 6853(c), this affidavit must be prepared by a board certified physician, practicing in the same field as the allegedly negligent party. Defendant argues that the affidavit of merit, filed with both the original and amended Complaint, is deficient. Specifically, Defendant contends that the physician who executed the affidavit was not board certified. As per Defendant, it follows that the affidavit could not support the Complaint. Without a proper affidavit, the Complaint was insufficient and the statute of limitations was not tolled. Therefore, the entire action is barred.

Defendant's second theory, also regarding the statue of limitations, centers upon Plaintiff's untimely service. Defendant cites to Delaware case law recognizing that, although in most cases the filing of a praecipe tolls the statute of limitations, this is "subject to the qualifications that plaintiff must have a bona fide intent to prosecute his claim diligently and that there be no unreasonable delay in the service of process."[4] Were a plaintiff to cause such an unreasonable delay, "the statute will

---

[3] Providing in relevant part: "[n]o action for the recovery of damages upon a claim against a health care provider...arising out of medical negligence shall be brought after the expiration of 2 years..."

[4] *Biby v. Smith*, 272 A.2d 116, 117 (Del. Super. Ct. 1970).

continue to run, despite the filing."[5] Defendant argues that Plaintiff's eventual successful service upon him, executed over 11 months after the first thwarted service attempt, constitutes the unreasonable delay contemplated by *Biby* and *Wilson*. This delay, therefore, prevented the tolling of the statute of limitations, which expired on the day the Complaint, sans affidavit of merit, was filed.

For this Court, the determinative factor in this chain of events, is the defective affidavit of merit. That affidavit reveals that the expert, Dr. Harry Tam, was only board *qualified*, not board *certified,* as required by 18 *Del. Code* § 6853(c). In fact, Plaintiff freely admits this, but argues that, since Dr. Tam is *now* certified, the affidavit is compliant. Plaintiff further submitted an amended affidavit, as part of her response to Defendant's motion, which reflects Dr. Tam's current certification. This is, unfortunately, not sufficient to satisfy the call of the statute. 18 *Del. Code* § 6853(c) provides that the expert must be, "at the time of the affidavit" licensed to practice medicine. Additionally, in the "3 years immediately preceding the alleged negligent act," the expert must have been engaged in the same speciality as the Defendant. Now, the statue with regard to the certification credential, only states that the expert must be "certified," without mention of the precise time period. However, considering that the requirement of practicing medicine, and of practicing in the same field as the Defendant, are both time specific and time sensitive, it cannot be that the Legislature intended that the certification could occur *post* the filing of the affidavit. This Court reads the statute to necessitate certification before, or at least,

---

[5] *Wilson v. Helm*, 2004 Del. Super. LEXIS 389 at *3 (Del. Super. Ct. 2004).

at the time of the filing. To interpret the statute otherwise, would fly in the face of the intent of the Legislature, in enacting a law mandating such an affidavit:

> By requiring the Affidavit of Merit, the General Assembly intended to require review of a patient's claim by a qualified medical professional, and for that professional to determine that there are reasonable grounds to believe that the health care provider has breached the applicable standard of care that caused the injuries claimed in the complaint.[6]

Given the important motivation behind the statute, an affidavit prepared by a physician who is not board certified at the time of the affidavit, simply cannot pass muster. The Court concludes that the affidavit was deficient, upon the filing of the Complaint.

The significance of this deficiency, is the second part of the analysis. Defendant argues that, in the event the affidavit is deficient, this Court's extension of the time to file this document, was ineffective in tolling the statute of limitations. Although there is no Delaware authority precisely articulating this point, a review of the controlling statutes, naturally brings the Court to this conclusion. 18 *Del. Code* § 6853(a) provides that "no healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by" an affidavit meeting the set out specifications. Plaintiff filed her Complaint on the day the statute of limitations expired, without the necessary affidavit. It is true that the time to bring the case properly was extended. However, this was logically

---

[6] *Beckett v. Beebe Med. Ctr., Inc.*, 897 A.2d 753, 757 (Del. 2006); *see also Sammons v. St. Francis Hosp., Inc.*, 2006 WL 1134890, at *4 (stressing that Delaware, unlike other states, has a "strict statutory protection" requiring that physicians testifying against other physicians in medical negligence cases, be specially and definitively qualified to provide such expertise).

contingent on the affidavit's being compliant. That it was not brings into operation 18 *Del. Code* § 6856, which provides that medical negligence cases not filed within the statutory period, are forever barred. The Complaint, although filed within the proper period, was not statutorily compliant. As a result, Plaintiff did not commence the action in time.[7] Pursuant to the statute of limitations for such actions, Plaintiff's suit is now time barred. Defendant's motion is **GRANTED**.[8]

## CONCLUSION

Delaware requires its statutes be strictly followed. If a plaintiff wishes to file a medical negligence claim, her complaint must be accompanied by a qualifying affidavit of merit. That is, the affidavit must be executed by a board certified expert. In addition, there is a window of time in which such actions must be brought. If these steps are not satisfied, the suit must inevitably fail. The Legislature has made this intent abundantly clear through plain, unambiguous statutory language. As the Plaintiff failed to meet these statutory necessities,

---

[7] At least one Delaware court has tangentially considered the situation before the Court: whether a defective affidavit of merit that is not amended prior to the expiration of the statute of limitations, is ripe for granting a motion to dismiss. In *Sammons v. St. Francis Hosp., Inc.*, the Court considered this very argument but determined not to permit the filing of an amended affidavit, despite the statute of limitations not being up, given the expert's demonstrated lack of credibility. 2006 WL 1134890, at *1 (Del. Super. Ct. Mar. 31, 2006). In this Court's mind, this reflects the understanding that had there not been time to amend the affidavit within the statute of limitations period, the case would have been barred.

[8] Having granted Defendant's motion to dismiss under the deficient affidavit of merit theory, this Court does not address the issue concerning undue delay of service.

Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

                            /s/ Robert B. Young
                                             J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
        Opinion Distribution
        File