A. HENRY WILLIAMS, Appellant, v. HARRY E. SINGLETON, JR., by his next friend, Harry E. Singleton, Appellee.

(*May* 6, 1960.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Max S. Bell, Jr.* (of Richards, Layton and Finger) for appellant.

*Harold Shaffer* (of Keil, Shaffer and Keil) for appellee.

Supreme Court of the State of Delaware, No. 71, 1959.

SOUTHERLAND, C. J.:

Singleton (appellee) brought a civil suit in a Justice of the Peace court against Williams (appellant) and recovered a judgment. The judgment was entered March 18, 1959. Williams

appealed from this judgment on April 2, 1959. The Superior Court dismissed the appeal on the ground that it was filed too late. Williams appeals.

The applicable appeal statute is found in 10 *Del. C.* § 9578 (a), which provides as follows:

"(a) An appeal shall be allowed by the Justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying it."

It is clear that if the statute governs the matter the appeal was filed too late. Counting March 18 as one day the fifteenth day of the allowable appeal time was April 1. Williams makes in passing an argument that the statute is ambiguous but we think it is clear and explicit.

Williams' principal contention is that Superior Court Civil Rule 6(a), *Del. C. Ann.*, governs the matter. That rule provides:

"(a). Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday."

Obviously, if the rule supersedes the statute the appeal was filed in time.

Williams contends that the rule supersedes so much of the statute as is inconsistent with it, that is, that portion of the statute which provides that the day of the judgment shall

be counted as one of the appeal days. Section 9578(a), it is said, is an "applicable" statute within the meaning of the rule.

The answer to this argument is that the Superior Court Rules govern practice and procedure "with respect to the commencement, trial, hearing and determination of civil actions in the *Superior Court.*" 10 *Del. C.* § 561(a). In such matters they supersede any conflicting statute. They are not intended to supersede statutes of the kind here involved, nor could they do so. Section 9578(a) is a jurisdictional statute governing the right of appeal from judgments recovered before a Justice of the Peace. If such a statute is not complied with the appellate court has no jurisdiction. *Cf. Casey v. Southern Corporation,* 26 *Del. Ch.* 447, 29 *A.* 2d 174. Since the appeal was not filed in time the Superior Court was without jurisdiction to entertain it and Rule 6(a) has no bearing upon the matter.

Appellant seeks to support his argument by an analysis of various other rules which provide for the computation of time in the usual fashion. This argument appears designed to show that the method of computation in § 9578(a) is in modern times an anomaly. Perhaps it is; but the Court cannot change the statute. The effect of the statute is exactly the same as if it had provided that an appeal must be taken within fourteen days, excluding the day of the judgment.

Appellant also cites certain federal decisions, but we do not think that they are in point. For example, in *Wilson v. Southern Ry. Co.,* 5 *Cir.,* 147 *F.* 2d 165, the court in applying to the statutory time of appeal Rule 6(a), Fed. Rules Civ. Proc. 28 *U. S. C. A.,* which is like our rule, pointed out that the rule did not attempt to change a jurisdictional statute. Appellant would have us amend a jurisdictional statute by applying the rule.

Appellant also argues that the decision below is in conflict with the holding in *Associated Transport, Inc. v Pusey,* 49 *Del.* 413, 118 *A.* 2d 362. That case was one in which a three-year statute of limitation expired on a Sunday. It was held that the

suit could be brought on the following day. Obviously, that decision does not touch the question before us.

Williams makes some argument based on hardship. Whether the untimely filing of the appeal was caused by oversight or by some intervening circumstance we do not know. In any event, if there be hardship, we cannot relieve him from it.

The order of the Superior Court is affirmed.