Joseph DZEDZEJ, Appellant,
Defendant Below,

v.

Henry PRUSINSKI, Appellee,
Plaintiff Below.

Superior Court of Delaware.

New Castle.

Nov. 6, 1969.

John E. Babiarz, Jr., Wilmington, for appellant, defendant below.

Sidney Balick, of Aerenson & Balick, Wilmington, for appellee, plaintiff below.

OPINION

STOREY, Judge.

This case arises for a determination of plaintiff's motion to dismiss defendant's appeal to this Court from a judgment of the Justice of the Peace Court which was adverse to the defendant. Plaintiff's motion is based upon a lack of jurisdiction of this Court to hear the case because the parties to this appeal are not the same as the parties below.

The action was originally brought by plaintiff, Henry Prusinski, against defendants, Joseph Dzedzej and Hedwig Dzedzej for goods sold and delivered. The Court below found for plaintiff against Joseph Dzedzej and dismissed the action as to Hedwig Dzedzej. Joseph Dzedzej now appeals from the adverse judgment against him but has captioned the appeal "Joseph Dzedzej v. Henry Prusinski". Hedwig Dzedzej was not joined in the appeal.

The issue to be decided is whether this Court lacks jurisdiction of an appeal from a Justice of the Peace Court where the defendant appealing from an adverse judgment below fails to join his co-defendant against whom the action below was dismissed.

Where a suit has been brought against co-defendants and judgment is favorable as to one and adverse as to the other it has been held that the successful party should be joined in the appeal where that party's rights or interests may be affected by the outcome of the review. 4 C.J.S. Appeal and Error § 401. In McDowell v. Simpson, 1 Houst. 467 (Super.Ct.1885) the Court held that if an appeal from a Justice of the Peace Court fails to correspond to the process on which the action is founded in the names of the parties, number of parties, or in the character of the suit, the variance is fatal and the Court does not have jurisdiction to hear the appeal. While this case represents an anachronism when viewed in light of modern day pleading, it does serve to show that a defective pleading may serve to deprive the Court of Jurisdiction. This case was cited in a 1969 opinion in support of a ruling dismissing an appeal for lack of jurisdiction for failure to join a party.

In Cooper's Home Furnishings, Inc. v. Smith, Del., 250 A.2d 507 (1969) plaintiff recovered a default judgment against one party and the action was dismissed as to the other party. Plaintiff appealed but failed to join the party he recovered against below. The Court held that the appeal failed for lack of jurisdiction for failure to join the party against whom the default judgment was recovered below. The Court reasoned that an appeal from a Justice of the Peace Court entitled the parties to a trial de novo in this Court. In a case where parties are being sued jointly a trial de novo necessarily involves not only a determination of the rights of the plaintiff against the defendants but also a determination of the rights as between the defendants. The essence of this holding is that an entire cause of action cannot be severed from the appeal, and this would be the case where one of the parties to a

joint suit is omitted on appeal because the Court could only determine the rights as between the plaintiff and the appealing defendant and not the additional question of the rights as between the defendants.

In the present case, the defendant is appealing and the party against whom the action below was dismissed was not joined. The facts are distinguishable from the *Cooper's* case in that in this case the absent party was dismissed in the action below and the defendant rather than the plaintiff is the moving party on the appeal. The basic problem however is identical. The jurisdiction of the Court is limited by statute to try the same action as instituted in the Justice of the Peace Court. Dominick v. Harmony Talking Machine Co., 4 Boyce 293, 88 A. 468 (1913). The effect of failing to join Hedwig Dzedzej prevents the Court from determining the rights of the two defendants as between themselves. The Court could only determine the rights as between the husband and the plaintiff and since this is only *part* of the action the review does not comply with the rule that the trial de novo on appeal be of the *same* action. This Court lacks jurisdiction because it cannot determine the entire action as is required of a trial de novo in an appeal from a Justice of the Peace Court.

In the alternative, defendant seeks to add a party by amendment. An appeal will be dismissed if all parties necessary to a review are not made parties to the proceeding unless the defect can be cured. 4 C.J.S. Appeal and Error § 421. Defendant suggests that the defect can be cured by the addition of the wife as a party to the appeal. The general rule is that amendment in the appellate proceeding is permissible to correct a defect arising from non-joinder unless the defect is jurisdictional. 4 C.J.S. Appeal and Error § 423. The question is therefore one of statutory construction. Under 10 Del.C. § 9578 an appeal shall be allowed at any time within 15 days after the day of judg-

ment. This statute has been construed as jurisdictional and if not complied with the Court has no jurisdiction over the appeal. Williams v. Singleton, 2 Storey 488, 160 A.2d 376 (1960). Because the applicable statute is jurisdictional, defendant may not amend after the time permitted to perfect the appeal.

It is the decision of this Court that the appeal be dismissed for lack of jurisdiction because of the absence of a party essential to the determination of the entire action. Defendant may not add a party by amendment as the statute authorizing appeal is jurisdictional and the appeal must be perfected before the expiration of the fifteen days permitted.

It is so ordered.