Frederick S. FREIBOTT, Plaintiff below, Appellant,

v.

PATTERSON SCHWARTZ, INC., a Delaware corporation, Michelle Fidance, and, Larry Lee, Defendant below, Appellees.

No. C.A. 98A–09–026 HLA.

Superior Court of Delaware, New Castle County.

Submitted: Jan. 7, 1999.
Decided: May 17, 1999.

Frederick S. Freibott, Woloshin, Tenenbaum & Natalie, P.A., Wilmington, Delaware, pro se.

Stephen D. Goldberg, Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, Delaware, for Appellees.

ALFORD, Judge.

Before the Court is Frederick S. Freibott's ("Freibott") appeal from a decision of the Court of Common Pleas granting Patterson Schwartz and Associates, Inc.'s ("PSA") motion to dismiss. For the reasons below, the decision of the Court of Common Pleas is **REVERSED** and the case **REMANDED** for further proceedings.

## BACKGROUND

On December 1, 1997, Freibott filed an action for consumer fraud, common law fraud, and breach of fiduciary duty in Justice of the Peace Court No. 13 naming, among others, Patterson Schwartz, Inc.[1]

---

1. This action arose out of the purchase of investment property on Tatnall Street, in Wilmington, Delaware. Freibott, a Delaware attorney, claims that PSA, a real estate broker-age firm, and two of its agents fraudulently concealed "a lead paint problem and a need for a fire escape to be installed from the second floor to the third floor." Compl. ¶ 11.

However, because PSA's correct corporate designation is Patterson Schwartz and Associates, Inc., PSA's registered agent would not accept service of process. Thereafter, Freibott filed an amended complaint and request for service to reflect PSA's correct corporate designation. After PSA was properly served, it entered an appearance and defended the action.

On June 9, 1998, the Justice of the Peace Court heard the case and later rendered a decision in favor of all defendants. However, the Notice of Court Action which was mailed to the parties listed Patterson Schwartz, Inc. rather than Patterson Schwartz and Associates, Inc., apparently because the amended complaint, although filed, was not properly docketed.

Freibott subsequently appealed the Justice of the Peace Court's decision to the Court of Common Pleas. Although he recognized the error in the caption, Freibott nonetheless filed a notice of appeal and complaint using the same incorrect caption found on the Notice of Court Action. In response, PSA sought to dismiss the complaint on grounds that Freibott failed to name the proper corporate defendant and was precluded at that stage of the proceedings from amending his pleadings. Freibott disagreed and asked the court to correct the docket in order to accurately reflect Patterson Schwartz and Associates, Inc. as the proper corporate defendant.

Siding with PSA, the Court of Common Pleas dismissed the complaint finding that Freibott was without authority to correct the caption. This appeal followed.

## DISCUSSION

The question in this case is whether the Court of Common Pleas committed an error of law or otherwise abused its discretion in the action below. After reviewing the record and the materials submitted in this matter, this Court concludes that the Court of Common Pleas abused its discretion in failing to properly consider Freibott's request that the caption be amended to accurately reflect Patterson Schwartz and Associates, Inc. as the proper corporate defendant.

Before turning to the merits of the appeal, the Court notes that this case highlights the potentially harsh results of failing to comply with the requirements of 10 *Del. C.* § 9571.[2] That section provides aggrieved parties the right to file an appeal from decisions of the Justice of the Peace Courts, but only if the appeal is perfected within 15 days after entry of judgment. *See* 10 *Del. C.* §§ 9571(a) and (b). An appellant's failure to comply with this requirement precludes the Court of Common Pleas from entertaining jurisdiction over the appeal. *Williams v. Singleton*, Del.Supr., 160 A.2d 376, 378 (1960).[3]

---

2. Section 9571 provides:

> (a) From any final order, ruling, decision or judgment of the court in a civil action there shall be the right of appeal to the Court of Common Pleas of the State in the county in which said order, ruling, decision or judgment was rendered.
> (b) The appeal shall be taken within 15 days of the final order, ruling, decision or judgment.
> (c) The appeal shall be a trial de novo.
> (d) The Court of Common Pleas shall establish appeal procedures and supersedeas bond requirements by rule.

10 *Del. C.* § 9571. Prior to January 15, 1995, appeals were to the Superior Court. 69 Del. Laws, c. 423 substituted "Court of Common Pleas" throughout the section.

3. In addition to fulfilling the express provisions of § 9571, an appellant must also comply with the procedural requirements imposed by the Court of Common Pleas. For example, in *Lenape Associates v. Callahan*, Del.Supr., C.A. No. 171, 1992, Moore, J. (Oct. 26, 1992)(ORDER), 1992 WL 354216, the Delaware Supreme Court held that the procedures established to perfect an appeal include a *requirement* that the appellant file with the Prothonotary a praecipe and certified transcript of the record within fifteen days of the judgment below. *Id.* at *1. The court also held that, although Superior Court Civil Rule 6(b) permits a court to enlarge the period of time a party has to act when the failure to act was the result of excusable neglect, a claim of excusable neglect is insufficient to expand the time limit provided in § 9571. *Id.*

■ In this case, Freibott did in fact file within the time requirement imposed by § 9571. The problem here is that § 9571 has also been interpreted as requiring an appellant to comply with the mirror image rule. First announced in *McDowell v. Simpson*, Del.Super., 1 Houst. 467 (1857), this rule requires that a court presiding over an appeal de novo have before it all of the parties and issues that were before the court below. *See, e.g., Cooper's Home Furnishings, Inc. v. Smith*, Del.Super., 250 A.2d 507, 508 (1969) (appeal dismissed where plaintiff failed to include alleged joint-debtor in appeal); *Dzedzej v. Prusinski*, Del.Super., 259 A.2d 384, 386 (1969)(appeal dismissed where defendant below failed to name co-defendant in appeal). The import of the interplay between § 9571 and the mirror image rule is that an appellant may not amend an appeal to add an omitted party after the time permitted to perfect the appeal has expired. *Dzedzej*, 259 A.2d at 386.

■ Having discussed § 9571 and its interaction with the mirror image rule, the Court will turn to the decision of the court below. The Court of Common Pleas' decision was premised on the fact that Freibott filed the appeal naming Patterson Schwartz, Inc. rather than Patterson Schwartz and Associates, Inc. After citing *McDowell* for the proposition that the mirror image rule requires, among other things, "exactness in the names of parties," the Court of Common Pleas concluded that "appellant in this proceeding is without authority to amend the caption in the summons or appeal." *Freibott v. Patterson Schwartz, Inc.*, Del. CCP, C.A.1998–06–

319, Welch, J. (Sept. 18 1998)(Letter Op.), at 4–5.

The Court of Common Pleas' reliance on *McDowell* is misplaced. To the extent that *McDowell* espouses the view that any variance in the names of the parties is fatal to the appeal, that holding is obsolete. Such "nicety in pleading" has become passé in the more than one hundred years since *McDowell*. *See Freedman v. Aronoff*, Del.Super., C.A. No. 94C–05–041, Lee, J. (Aug. 25, 1994), 1994 WL 555429, at *2 (rejecting as meritless an argument that caption lacking the "his wife" phrase and the "P." from wife's name was fatal to appeal). Section 9571 may be exacting, but it does not necessitate dismissal where it is clear from the face of the pleadings that the appellant intended to include all of the parties necessary for de novo review.

The Court recognizes that Freibott could have prevented his present predicament by simply notifying the Justice of the Peace Court regarding the error in the caption.[4] Nonetheless, because the record here shows that Freibott filed a timely appeal and attempted to set forth all of the parties necessary for de novo review, this Court concludes that the Court of Common Pleas was able to exercise subject matter over the appeal.[5] It follows then that the Court of Common Pleas should have given proper consideration to Freibott's request to amend the caption.

Accordingly, the Court concludes that the Court of Common Pleas abused its discretion in failing to properly consider Freibott's request that the docket be amended to accurately reflect Patterson Schwartz and Associates, Inc. as the proper corporate defendant. The decision of

---

4. Pursuant to Justice of the Peace Court Civil Rule 20(a), the court is empowered to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission."

5. The Court's decision is grounded solely on the premise that a non-prejudicial error in the caption of the appeal does not preclude the Court of Common Pleas from exercising subject matter jurisdiction over the appeal. Be-

cause the Court concludes that the error in the caption did not amount to a jurisdictional defect, it did not have occasion to consider a potential cure based on the clerical error in the Justice of the Peace Court. See, *e.g., Dzedzej*, 259 A.2d at 386 (noting an exception where a default by a court clerk or officer of the court prevents the timely filing of an appeal by a party who took all necessary steps to comply with the statute).

the court is therefore **REVERSED** and the case **REMANDED** for proceedings in accordance with this Opinion.

**IT IS SO ORDERED.**