# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

ANTOINETTE MARCONI, and ROY MARCONI )
)
)
Plaintiffs, )
)
) C.A. No.: CPU4-13-003182
)
v. )   J.P. No.: JP13-13-003930
)
BRANDYWINE CHRYSLER JEEP, INC., )
CHRYSLER GROUP, LLC, and JIFFY )
LUBE SERVICE CENTER #312, )
)
Defendants. )

Submitted:   March 7, 2014
Decided:   March 13, 2014

Matthew M. Bartkowski, Esq.
Heather Long, Esq.
Kimmel Carter Roman & Peltz, P.A.
Plaza 273
P.O. Box 8149
Newark, DE 19714
*Attorneys for Plaintiffs*

Matthew E. O'Byrne, Esq.
Casarino, Christman & Shalk
405 N. King Street, Suite 300
P.O. Box 1276
Wilmington, DE 19899
*Attorney for Defendant Jiffy Lube*

Nichole T. Whetham Warner, Esq.
Marshall, Dennehey, Warner,
 Colemen & Goggin
1220 Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899
*Attorney for Chrysler Defendants*

## MEMORANDUM OPINION & ORDER

**PROCEDURAL HISTORY**

This is an appeal from the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571. On October 8, 2013, Plaintiffs filed a Notice of Appeal from a September 24, 2013 Order of the Justice of the Peace Court dismissing with prejudice Plaintiffs' case against Defendants Brandywine Chrysler Jeep, Inc. and Chrysler Group, LLC (hereinafter "Chrysler Defendants") holding that the statute of limitations had run in the breach of contract action. The Justice of the Peace Court retained jurisdiction in the breach of contract action against Defendant Jiffy Lube Service Center #312 (hereinafter "Jiffy Lube"), and continued the trial until a decision was rendered on the appeal in this Court.

On December 16, 2013, the Chrysler Defendants filed a Motion to Dismiss in this Court, alleging that Plaintiffs failed to comply with *Court of Common Pleas Civil Rule* 72.3(c), and therefore this Court lacks jurisdiction under 10 *Del. C.* § 9571. The Chrysler Defendants allege Plaintiffs added additional claims in the complaint on appeal that were not present in the original complaint file in the Justice of the Peace Court. Due to this alleged violation of the mirror image rule, the Chrysler Defendants allege this Court lacks jurisdiction over the matter pursuant to 10 *Del. C.* §9571.

On March 7, 2014, the Court heard the Chrysler Defendants' Motion. The Court became aware that the claims against Jiffy Lube were retained by the Justice of the Peace Court, which raised a jurisdictional issue because the case is pending for trial on the merits in both the Justice of the Peace Court and the Court of Common Pleas. Thus, this presents a question of first impression of whether under 10 *Del. C.* § 9571, the Justice of the Peace Court has the authority to retain part of the case when an appeal is brought under this

2

statute. The parties agreed that the matter cannot simultaneously exist for trial in both courts. This is the Court's order addressing the question.

## DISCUSSION

Under Delaware law, "an entire cause of action cannot be severed from the appeal."[1] The courts abide by this interpretation of the mirror image rule, because "[i]n a case where parties are being sued jointly[,] a trial de novo necessarily involves not only a determination of the rights of the plaintiff against the defendants but also a determination of the rights as between the defendants."[2]

The Court on appeal must be able to "review the entire case as it was instituted before the lower court."[3] In an appeal from the Justice of the Peace Court, the action and the parties must be identical to comply with the mirror image rule.[4] In this matter, although the Plaintiffs appealed the case with Chrysler and Jiffy Lube as defendants, the Justice of the Peace Court docket reflects that the claims against Jiffy Lube were retained for a hearing.[5]

---

[1] *Dzedzej v. Prusinski*, 259 A.2d 384 (Del. Super. 1969); *see Panzer Management Company v. Farrall*, 1987 WL 8223 at *1 (Del. Super. Mar. 3, 1987); *Schwalm v. Zacharias Construction*, 2002 WL 596808 at *2 (Del. Com. Pl. Feb. 7, 2002); *Fossett v. Dalco Construction Co.*, 858 A.2d 960 (Table), at *1 (Del. 2004).

[2] *Dzedzej*, 259 A.2d at 385. (Finding that when a defendant appeals from an adverse judgment but only includes the plaintiff in the appeal, leaving out a defendant against whom the action below was dismissed, the Court does not have jurisdiction to hear the appeal).

[3] *Schwalm*, 2002 WL 5968088 at *2.

[4] *Freedman v. Aronoff*, 1994 WL 5554229 at *2 (Del. Super. Aug. 25, 1994); *Le v. D&D Investments*, 1994 WL 146053 at *1 (Del. Super. Mar. 7, 1994); *Panzer*, 1987 WL 8223 at *1.

[5] Counsel for Plaintiffs and the Chrysler Defendants stated at the hearing that counsel for Plaintiffs and counsel for Jiffy Lube asked the Justice of the Peace Court for a stay of the proceedings, which was denied, because the judicial officer declared that the Justice of the Peace Court was retaining jurisdiction. The matter was therefore continued until the Court of Common Pleas matter is decided.

This separation is not permissible under 10 *Del. C.* § 9571. The statutory provision in subsection (c) provides that "[t]he appeal shall be a trial de novo."

As noted by the Delaware Supreme Court in *Fossett v. Dalco Construction Co.*, the requirement that an appeal contain identical parties and actions "spares a judge hearing an appeal *de novo* from having to consider assertions about facts and law attributable to a party below who or which was not made a party to the *de novo* appeal."[6] The law in this jurisdiction has consistently been construed that an appeal which is *de novo* must contain all the parties and issues. By retaining the claims against Jiffy Lube, the Justice of the Peace Court violated this rule. The Court must be able to efficiently evaluate all claims in the case and with one party missing, this cannot be achieved. Moreover, it is only fair that the litigants be required to litigate their claims in one court. To permit otherwise is to expose the litigants to multiple and possible inconsistent verdicts.

## CONCLUSION

Accordingly, since the appeal is perfected under 10 *Del. C.* § 9571 and *Court of Common Pleas Civil Rule* 72.3, the Justice of the Peace Court is directed to transfer all residual matters. Any pending matter inconsistent with this decision the Court shall dismiss or enter an order consistent with the statute.

**SO ORDERED this 13th day of March, 2014**

_____
Alex J. Smalls
Chief Judge

cc: Justice of the Peace Court #13

Marconi-OP Mar 2014

---

[6] *Fossett*, 858 A.2d 960 (Table) at *1 (emphasis original).