# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

MICHAEL PORTER and D&S,  )
CATERING, LLC,           )
                         )
   Appellants/Defendants Below,  )
                         )
       v.                )   C.A. No.: CPU4-14-002239
                         )
DOHERTY & ASSOCIATES, INC.  )
                         )
   Appellee/Plaintiff Below.  )
                         )

Submitted: September 26, 2014
Decided: October 15, 2014

Kenneth L. Wan, Esquire            John V. Work, Esquire
A. Dale Bowers, P.A.               Law Office of John V. Work
203 N. Maryland Avenue             800 N. King Street
Wilmington, DE 19804               Wilmington, DE 19801
*Attorney for Appellants*          *Attorney for Appellee*

## ORDER

Plaintiff-Below/Appellee Doherty & Associates, Inc. ("Appellee") brings this Motion to Dismiss for lack of jurisdiction, arguing that Defendants-Below/Appellants Michael Porter and D&S Catering, LLC (collectively, "Appellants") failed to follow the procedural process for completing an appeal. A hearing on the Motion was held September 26, 2014, and at the conclusion of the hearing, the Court reserved decision. This is the Court's Final Decision and Order.

## PROCEDURAL HISTORY

On July 25, 2014, the Justice of the Peace Court entered judgment against Appellants in the amount of $3,564.24 plus attorney's fees, costs, and post-judgment interest. On August 8, 2014, Appellants filed a Notice of Appeal in this Court. On the same day, the Clerk of the Court sent Appellants a notice informing Appellants that the appeal was incomplete. The notice indicated that Appellants had ten days to file a transcript of the proceeding below, and pay the Court's filing fee as well as the Sheriff's service fee. The notice also stated that corporations and artificial entities must appear and be represented by an attorney who is a member of the Delaware Bar.

The Docket reflects that on August 15, 2014, Appellants provided the Court with the transcript from the Justice of the Peace Court proceeding, and paid all required filing and service fees. The Clerk of the Court also made a notation on the docket stating, "Dale Bowers will be entering his appearance in this matter."[1] Later that day, the Summons was issued to the New Castle County Sheriff, and was signed and sealed by the Clerk of the Court. On August 28, 2014, service was perfected on Appellants.

On September 10, 2014, Appellee filed this Motion to Dismiss the appeal. Appellee claimed that Appellants failed to follow the procedural process for completing an appeal as required by the Clerk of the Court. Specifically, Appellee argued that Appellants failed to cure the defects in the appeal because no Delaware attorney entered his or her appearance on behalf of Appellants. Shortly after Appellee's Motion was filed, A. Dale Bowers and Kenneth L. Wan (collectively, "Counsel") entered their appearance on behalf of Appellants.[2]

---

[1] This is reflected on the Docket as well as the filing made by the Clerk of the Court in connection with the notation.

[2] Specifically, Counsel entered their appearance within ninety minutes of Appellee filing its Motion.

On September 18, 2014, Appellants filed a Response in opposition to the Motion, claiming that Counsel were unaware of any deadline for entering their appearance. Appellants claim that they notified Counsel of the appeal during the week of August 11, 2014, and discussed representation during the week of August 18, 2014. Appellants further claim that during the week of August 25, 2014, Mr. Wan went on vacation, and that during the week of September 1, 2014, Mr. Bowers went on vacation. Appellants request that the Court allow Counsel's late entry of appearance as Counsel's conduct qualifies as excusable neglect under Court of Common Pleas Civil Rule 6(b).

At the hearing, Appellee claimed that due to Appellants' failure to complete the appeal, this Court does not have jurisdiction. Appellee argued that pursuant to *Lenape Associates v. Calahan*,[3] excusable neglect is not an appropriate basis to allow the extension of time beyond the statutory time limit provided by 10 *Del. C.* § 9571(c). Appellant argued that even if excusable neglect does not apply to the matter at hand, Delaware's judicial policy of deciding case on the merits would allow the Court to accept the late entry of appearance.

## DISCUSSION

This Court's jurisdiction over appeals from the Justice of the Peace is strictly governed by statute, specifically 10 *Del. C.* § 9571. An appeal brought pursuant to 10 *Del. C.* § 9571 "shall be taken within fifteen days of the final judgment."[4] Additionally, under § 9571(d), "the Court of Common Pleas shall establish appeal procedures . . . by rule." Court of Common Pleas Civil Rule 72.3 establishes the procedure for filing the appeal. Under C.C.P. Civil Rule 72.3(b), when the appellant is the defendant from the proceeding below, his only filing obligation (in

---

[3] 616 A.2d 1214 (TABLE) (Del. 1992).

[4] 10 *Del. C.* § 9571(b).

3

bringing the appeal) is to file the notice of appeal within 15 days of the entry of judgment. Additionally, under C.C.P. Civil Rule 72.3(e), "[t]he appellant shall, within 10 calendar days, file a notice of appeal with the Justice of the Peace Court to stay the record."

In order for this Court to retain jurisdiction over an appeal from the Justice of the Peace Court, all jurisdictional requirements of 10 *Del. C.* § 9571 must be satisfied.[5] This Court does not have discretion to extend the time period in which an appellant may file the notice of appeal, or the transcript from the proceedings below.[6]

In the matter at hand, Appellee argues that Appellants have failed to comply with the statutory jurisdictional requirements provided under 10 *Del. C.* § 9571. Appellants filed the Notice of Appeal on August 8, 2014, fourteen days after the Justice of the Peace entered judgment on July 25, 2014. The same day that Appellants filed the appeal, the Clerk notified them of the appeal's deficiencies, and seven days later, on August 15, 2014, Appellants provided the Court with the Justice of the Peace transcript, and paid the required fees. Thus, the Court rejects Appellee's jurisdictional argument because Appellants have complied with the procedural requirements under 10 *Del. C.* § 9571 and C.C.P. Civil Rule 72.3.

Although retaining counsel is not a jurisdictional requirement imposed by 10 *Del. C.* § 9571, corporate entities, including limited liability companies, are required to appear through counsel.[7] On August 15, 2014, the Clerk's notice to Appellants indicated that Appellants' counsel must enter their appearance within ten days, and Counsel for Appellants failed to

---

[5] *Williams v. Singleton*, 160 A.2d 376, 378 (Del. 1960); *Woods v. Unisex Hair Palace*, 2009 WL 3152878, at *1 (Del. Com. Pl. Aug. 26, 2009).

[6] *Callahan*, 616 A.2d at *3.

[7] *Spanish Tiles, Ltd. v. Hensey*, 2009 WL 86609, at *1 (Del. Super. Jan. 9, 2009) (citing *Poore v. Fox Hollow Enterprises*, 1994 WL 150872 (Del. Super. March 29, 1994).

formally file their entry of appearance within that time period. Therefore, the Court must address Appellants' failure to comply with the rules of the Court.

Court of Common Pleas Civil Rule 6 gives the Court authority to determine whether there was excusable neglect in failing to comply with any Court rule, order, or notice.[8] Excusable neglect "is a showing of good faith, which requires a showing of 'diligence in attempting to comply with the rule.'"[9] Excusable neglect does not include a corporate party's "failure to retain counsel or . . . to understand the legal consequences of [its] inaction" because "the law requires a party to exercise due diligence to protect its interests."[10]

In the matter at hand, Appellants' Counsel's untimely entry of appearance constitutes excusable neglect. This is not a case where Appellants failed to retain counsel or protect its interests. Instead, Appellants attempted to comply with Clerk's notice and time frame in which to retain counsel. The docket reflects that on August 15, 2014, Appellants informed the Clerk that Dale Bowers, Esq. would be entering his appearance on their behalf. Additionally, the record reflects that Appellants consulted Counsel within the week of filing the appeal, that Counsel were both on vacation after the consultation, and that Counsel were unaware of the time limit in which they had to enter their appearance. Moreover, Counsel immediately filed their entry of appearance upon learning that a formal filing was needed. Therefore, Appellants have established excusable neglect under the circumstance.

---

[8] Court of Common Pleas Rule 6(b).

[9] *Stoltz Management of Delaware, Inc. v. Justice of the Peace Court of State*, 2001 WL 1557486, at *2 (Del. Com. Pl. March 27, 2001) (citing *Odwin v. Hahn*, 2000 WL 33115700 at *1 (Del. Super. Oct. 19, 2000)).

[10] *Smith v. Red Barn, Inc.*, 2002 WL 31999469, at *4 (Del. Com. Pl. Aug. 23, 2002) (citations omitted).

## CONCLUSION

For the foregoing reasons, Appellee's Motion to Dismiss is **DENIED**. There is no jurisdictional issue in the matter at hand because neither 10 *Del. C.* § 9571 nor Court of Common Please Civil Rule 72.3 requires counsel to enter an appearance in order to perfect an appeal. The Court finds that Appellants' failure to comply with the Court's rule in filing counsel's entry of appearance constitutes excusable neglect.

Therefore, this Court has jurisdiction over this case, and Appellee must file the Complaint on Appeal within twenty days.

**IT IS SO ORDERED** this 15th day of October, 2014.

The Honorable Carl C. Danberg,
Judge

cc:     Tamu White, Judicial Case Management Supervisor