# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

VILLAGE OF WINDHOVER )
)
    Appellant/Defendant-Below, )
)
         v. )    C.A. No.: CPU4-14-001732
)
DANIEL J. MAWN and )
JENNIFER W. TRINSLEY )
)
    Appellees/Plaintiffs-Below. )

Submitted: January 20, 2015
Decided: February 26, 2015

Michael P. Morton, Esquire
1203 North Orange Street
Wilmington, DE 19801
*Attorney for Appellant*

Daniel Mawn and Jennifer Trinsley
9 Yale Avenue
New Castle, DE 19720
*Pro Se Appellees*

## FINAL DECISION AND ORDER

This matter is a landlord-tenant action that is an *appeal de novo* brought pursuant to 10 *Del. C.* § 9570 *et. seq.* from the Justice of the Peace Court. Trial was scheduled for November 12, 2014. Prior to trial, it came to the Court's attention that there was a procedural defect on the appeal due to Appellees/Plaintiffs-Below Daniel J. Mawn and Jennifer Trinsley's failure to file the complaint on appeal, as required by *Court of Common Pleas Civil Rule 72.3(b)*. The Court ordered both parties to submit letter memoranda to the Court showing cause as to whether judgment should or should not be entered in this matter against the Appellees. This is the Court's Final Decision and Order.

## I.    PROCEDURAL HISTORY

On June 18, 2014, the Justice of the Peace Court entered judgment against Appellants in the amount of $762.33 plus costs in the amount of $30.00 and post-judgment interest. On July 3, 2014, Appellants filed a Notice of Appeal to this Court. A Summons and Notice of Appeal issued to the Appellees, in which the Appellees are instructed to file the Complaint on Appeal. On August 12, 2014, Appellees filed two identical documents attempting to answer the appeal, claiming, *inter alia*, that the appeal had no merit due to the fact that the court below ruled in their favor.[1] Appellees also sought an additional $2,000.00 in damages for Appellant's alleged failure to address their maintenance requests since March, 2014. Appellees never filed the Complaint on Appeal as required by *CCP Civ. R.* 72.3(b), and consequently, Appellants never filed an Answer to the Complaint.

On November 12, 2014, when the parties appeared for trial, the Court raised the issue of Appellees' failure to file the Complaint on Appeal.[2] Trial did not go forward, and alternatively, the Court ordered the parties to submit memoranda to the Court.

### (i)    Appellant's Position

Appellant argues that the Court must enter a default judgment[3] against Appellees pursuant to *CCP Civ. R.* 55(bb2) because its timely filing of the Notice of Appeal was proper, and Appellees' failure to file the Complaint on Appeal violates *CCP Civ. R.* 72.3(b). Appellant contends that Appellees' obligation to file the Complaint on Appeal is explicitly stated in the

---

[1] Although Appellees labeled their respective filings as "Answer of Plaintiffs," the Court will not consider these filings as a *de facto* Complaint on Appeal.

[2] The Court also noted that the Clerk of the Court did not notify Appellees of their deficient filing, and invited the parties to comment through their respective memoranda on how it may affect the matter and the deficient filing.

[3] While addressed as a "default judgment", it is more properly a failure to plead.

2

Summons attached to the Notice of Appeal, and argues that the Court is under no obligation to notify the Appellee of a filing deficiency.

### (ii) Appellees' Position

Appellees argue that the Court should not enter default judgment. Appellees aver that they incorrectly filed an answer to the appeal because they were unaware of the rules of the Court, and infer that the entry of default judgment is unwarranted because Appellant failed to move to dismiss or move for the entry of default judgment, and because the Court failed to notify either party of Appellees' defective filing.

## II. DISCUSSION

In order for this Court to retain jurisdiction over an appeal from the Justice of the Peace Court, the requirements established by 10 *Del. C.* § 9571 must be satisfied.[4] Under § 9571, an appellant must appeal within fifteen days of a final order, ruling, decision, or judgment of the court below.[5] The Court will hear the appeal as a trial de novo, and shall establish the appeal procedures by rule.[6]

*CCP Civ. R.* 72.3 governs the appeal procedures, including the procedure for filing the complaint on appeal. Pursuant to *CCP Civ. R.* 72.3(b), any party appealing to this Court from the Justice of the Peace Court must file a notice of appeal, summons, and praecipe. *CCP Civ. R.* 72.3(b) further provides that when the appellee is the plaintiff below, the appellee "shall serve a

---

[4] *Williams v. Singleton*, 160 A.2d 376, 378 (Del. 1960); *Woods v. Unisex Hair Palace*, 2009 WL 3152878, at *1 (Del. Com. Pl. Aug. 26, 2009).
[5] 10 *Del. C.* § 9571(a), (b).
[6] 10 *Del. C.* § 9571(c), (d).

3

copy of such [the complaint on appeal] within 20 days after service of the process on appeal."[7]

Only until the parties have timely fulfilled their filing obligations provided by *CCP Civ. R.* 72.3(b) will the appeal be perfected.[8] If the appellee fails to timely file the complaint on appeal however, "judgment shall be entered against appellee for failure to plead."[9]

It is well settled that the requirements of 10 *Del. C.* § 9571 are jurisdictional and the failure to adhere to the section divests the court of jurisdiction.[10] What is much less clear is if the requirements of *CCP Civ. R.* 72.3(b), which implement and are specifically required by Section 9571(d) are thus also jurisdictional. The issue was indirectly addressed in *Hall v. Sussex Pines Country Club*.[11] Sussex Pines had sued Hall in Justice of the Peace Court, and prevailed at trial. Hall filed a timely appeal to the Court of Common Pleas and Sussex Pines failed to file the complaint on appeal as required by *CCP Civ. R.* 72.3. On appeal, the court determined that the failure to file a complaint on appeal by Appellee was excusable neglect pursuant to *CCP Civ. R.* 60(b). While not so stating, implicit in the ruling that *CCP Civ. R.* 60(b) applied was the necessary conclusion that *CCP Civ. R.* 72.3 is not jurisdictional.[12]

A year later, the issue appeared to be addressed in *Williams v. Dorsey* (hereinafter "Dorsey"), with the Court reaching the opposite conclusion.[13] In Dorsey, Williams and Dorsey filed competing claims which were consolidated into one action. At trial in the Justice of the Peace Court, both parties prevailed on some of the issues presented, with the Court ultimately awarding Dorsey $515.53. Williams appealed and Dorsey moved to dismiss. In Dorsey, the court opined 10 *Del. C* § 9571 posses mandatory and jurisdictional requirements and provides

[7] CCP Civ. R. 72.3(b).
[8] *Holloway v. Wheatley*, 2007 WL 3231589 at *2 (Del. Com. Pl. Oct. 29, 2007).
[9] CCP Civ. R. 55 (bb2).
[10] *Williams v. Dorsey*, Del. Com. Pl., No. CPU4-14-001459, 2014, Welch, J. (Oct. 29, 2014).
[11] *Hall v. Sussex Pines Country Club*, 2013 WL 1094984 (Del. Com. Pl. March 7, 2013).
[12] *Id.* at *2.
[13] *Williams*, Del. Com. Pl., No. CPU4-14-001459, 2014, Welch, J. (Oct. 29, 2014).

the Court of Common Pleas the authority to adopt implementing rules.[14] The Court opined ""court rules "are afforded the same status as the statute," and therefore, failure to comply [with] any requirements imposed by these rules will divest the Court of its subject matter jurisdiction to hear the appeal;"[15] however, in Dorsey, the Court concluded the motion to dismiss was based upon a violation of the mirror image rule as codified in *CCP Civ. R.* 72.3(f).[16] This subsection of *CCP Civ. R.* 72.3 commands that the failure to satisfy the mirror image rule "shall result in a dismissal on jurisdictional grounds."[17] Subsection (b), the subsection at issue here, contains no such command.[18]

As this court has previously determined, "while time periods in statutes may be jurisdictional, those in the rules of the court are not jurisdictional barriers in all cases."[19] Therefore, it follows that because a court rule establishes the timeframe in which an Appellee must file the complaint on appeal, rather than a statute, a party's noncompliance will not automatically divest the Court of jurisdiction.[20] The Court concludes, while complying with *CCP Civ. R.* 72.3(f) is jurisdictional, the failure to strictly comply with *CCP Civ. R.* 72.3(b) does not *per se* divest the court of jurisdiction.[21] If the court is not divested of jurisdiction, the Court retains the discretion to enlarge the time in which the appellee may file the complaint on appeal if the appellee demonstrates that its error was excusable neglect.[22]

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 3.

[17] CCP Civ. R. 72.3(f).

[18] CCP Civ. R. 72.3(b).

[19] *Stoltz Management of Delaware, Inc. v. Justice of the Peace Court of State,* 2001 WL 1557486 at *1 (Del. Com. Pl. Mar. 27, 2001) (citing *PNC Bank, Delaware v. Hudson,* 687 A.2d 915, 917 (Del. 1997)).

[20] *Id.*

[21] *Zebrook v. Verma,* 2002 WL 31045224 (Del. Super. Aug. 27, 2002).

[22] CCP Civ. R. 6(b).

Excusable neglect is "neglect which might have been the act of a reasonably prudent person under the circumstances;" however, "[c]arelessness and negligence do not necessarily rise to the level of 'excusable neglect.' A mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[23]

In the instant matter, the record indicates that Appellees have not provided the Court with a valid procedural or legal reason for their failure to file the Complaint on Appeal. While the Court, in its discretion, may hold Appellees' *pro se* filings (or lack thereof) to "a somewhat less stringent technical standard than those drafted by lawyers[,] . . . self representation is not a blank check for defect."[24]

In this matter, the Appellees were instructed to file the Complaint on Appeal in the initial notice that an appeal had been taken. Further, the Court specifically directed Appellees to review the Court's rules when providing their explanation as to why they did not comply. The Court allowed Counsel for Appellant to file his memorandum with the Court prior to the filing of Appellees' as a courtesy so that Appellees would have some guidance as what was expected of them concerning their filing. However, in their memorandum Appellees failed to cite to any Court rules or applicable case law in order to support their argument. Moreover, they provided no indication they even read the Court's rules. Instead, Appellees attribute their error to the fact that they did not *know* the rules, and that neither the Court nor Appellant notified or called attention to their deficiency.

---

[23] *DiSabatino v. DiSabatino*, 922 A.2d 414 at *3 (TABLE) (Del. 2007).
[24] *Sloan v. Segal*, 2008 WL 81513 at *7 (Del. Ch. Jan. 3, 2008) (quotations omitted).

6

## III. ORDER

The Court finds that the record and the Appellees' explanation are insufficient to rise to the level of excusable neglect. Appellees have merely highlighted their carelessness by not providing any argument or justification for their failure to comply with the rules of the Court and the directions of the summons.[25] Additionally, the Court finds that Appellees' attempt to impute its deficiency to the Court is without merit. The Court finds that no statute, Court rule, or administrative directive requires the Court to notify an Appellee of its obligation to properly file the Complaint on Appeal or of a deficient filing.[26]

For the foregoing reasons, the Court enters judgment in favor of Appellant Village of Windhover with each party to bear their own costs.

**IT IS SO ORDERED.**

The Honorable Carl C. Danberg,
Judge

---

[25] Prior to trial, Appellees claimed that the Notice of Appeal only directed them to file an answer to the appeal, however upon reviewing the Notice and the attached summons, the Court notes that the summons unequivocally stated that Appellees were to file their original Complaint within 20 days of receiving the process of service.

[26] The Court notes that while the Clerk of the Court may send a notice of an incomplete appeal, such notice is only sent with respect to the filing of the notice of appeal (and any filings, obligations of the appellant), and is sent as part of a Court procedure.