IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BIDDLES CONSTRUCTION, LLC, :

                               :       C.A. No. K15A-11-001 WLW

    Plaintiff Below-Appellant,   :

v.                             :

RICHARD SEELEY and         :
HEIDI SEELEY,             :

    Defendant Below-Appellees.   :

Submitted: August 1, 2016
Decided: October 19, 2016

## ORDER

Upon An Appeal from the Decision
of the Court of Common Pleas.
*Affirmed.*

Adam C. Gerber, Esquire of Hudson Jones Jaywork & Fisher, LLC, Dover, Delaware; attorney for the Plaintiff-Below, Appellant.

John C. Andrade, Esquire of Parkowski Guerke & Swayze, P.A., Dover, Delaware; attorney for the Defendant-Below, Appellees.

WITHAM, R.J.

Plaintiff-Below/Appellant Biddles Construction, LLC ("Biddles Construction"), appeals from an order of the Court of Common Pleas. In that order, the Court of Common Pleas dismissed an appeal from Justice of the Peace Court for lack of jurisdiction. This Court addresses a single question on appeal: is the Court of Common Pleas deprived of jurisdiction when a non-attorney files a timely notice of appeal on behalf of an artificial entity?

Because this Court answers that question in the affirmative, the order of the Court of Common Pleas is **AFFIRMED**.

## FACTS AND PROCEDURAL BACKGROUND

This dispute started when Defendants-Below/Appellees Richard and Heidi Seeley ("the Seeleys") refused to pay Biddles Construction for a roof job. The Seeleys were dissatisfied with the quality of the work Biddles Construction had performed on their home.

Biddles Construction sued the Seeleys in Justice of the Peace Court ("JP Court") for $859, the unpaid balance on the job. The Seeleys asserted a counterclaim for the amount it cost them to have another contractor correct Biddles Construction's allegedly defective work. The Seeleys prevailed on the claim and collected damages of about $15,000.

The JP Court issued its judgment on May 8, 2015. Fourteen days later, on May 22, the owner of Biddles Construction filed a notice of appeal, praecipe, and complaint in the Court of Common Pleas on behalf of the LLC. The complaint alleged only that Biddles Construction is a citizen of Delaware and that the LLC was

2

appealing the JP Court's judgment.

On June 8, 2015, the Seeleys moved to dismiss the appeal on the grounds that (1) Biddles Construction could not be represented by a non-attorney (2) the complaint failed to state a claim. Two days later, an attorney entered an appearance on behalf of Biddles Construction and moved for leave to amend its complaint.

The Court of Common Pleas granted the Seeleys' motion to dismiss the appeal, holding that the requirement that an artificial entity be represented by counsel was jurisdictional, and that the failure of an attorney to sign the notice of appeal thus deprived the court of subject-matter jurisdiction. It also denied as moot Biddles Construction's motion for leave to amend the complaint.

This appeal followed.

## STANDARD OF REVIEW

This Court's function on an appeal from the Court of Common Pleas is to correct errors of law and determine whether the factual findings of the court below "are sufficiently supported by the record and are the product of an orderly and logical deductive process."[1]

## DISCUSSION

The Court of Common Pleas properly held that a notice of appeal filed on behalf of an artificial entity by a non-attorney deprives the court of jurisdiction.

The Delaware Code only confers appellate jurisdiction upon the Court of

---

[1] *State v. Anderson*, 2010 WL 4513029, at *4 (Del. Super. Nov. 1, 2010).

Common Pleas when the appeal is taken within fifteen days of a final judgment.[2] The Code further requires the Court of Common Pleas to establish appeals procedures by court rule.[3]

The procedure laid out in the rules provides that a notice of appeal must "specify the parties taking the appeal," "designate the order . . . appealed from," "state the grounds of the appeal," "name the Court to which the appeal is taken," and "be signed by the attorney for the appellants, or, if the appellants are not represented by an attorney, shall [be] signed by the appellants."[4]

As in all but one of Delaware's courts, a corporation or limited liability company must be represented by counsel in the Court of Common Pleas.[5] As the Delaware Supreme Court has held, "[w]hile a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law."[6]

The only exception is in Justice of the Peace Court, where a non-attorney may represent an artificial entity under Supreme Court Rule 57. However, the rule

---

[2] 10 *Del. C.* § 9571(b).

[3] *Id.* § 9571(d).

[4] CCP Civ. R. 72.3(c).

[5] *Evergreen Waste Servs. v. Unemployment Ins. Appeal Bd.*, 23 A.3d 865 (Table), 2011 WL 2601600, at *1 (Del. June 30, 2011) (citing *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Table), 1990 WL 168276, at *1 (Del. Sept. 18, 1990)).

[6] *Transpolymer*, 1990 WL 168276, at *1.

expressly states that it is not applicable "with regard to . . . any case from which an appeal . . . is lodged in the Court of Common Pleas."[7]

Here, Biddles Construction argues that the court below had jurisdiction to hear the appeal despite the fact that the notice of appeal was not filed by an attorney. The Court disagrees. The statute defines the appellate jurisdiction of the Court of Common Pleas and provides for that court to set by rule the requirements for properly filing a notice of appeal. Both the rules of the Supreme Court and of the Court of Common Pleas regarding representation on appeal and the filing of a notice of appeal are incorporated into the limits on jurisdiction set out in the statute, and thus a failure to file a compliant notice of appeal within the statutory time frame deprives the Court of Common Pleas of jurisdiction.

This rule is not in conflict with Delaware courts' longstanding preference for hearing appeals on the merits. True, this Court has held that "where there is no prejudice, appeals should not be dismissed on technicalities."[8] But in this case, the very act of filing was void because it was done by a person who lacked authority to file on behalf of the party. It was no mere technicality. Despite the apparent harshness of the outcome, in cases like this "a defective pleading may serve to

---

[7] Supr. Ct. R. 57(e)(1). *But see Porter v. Doherty & Assocs., Inc.*, No. CPU4-14-002239, 2014 WL 6804723, at *2 (Del. Ct. Com. Pl. Oct. 15, 2014) (holding that counsel requirement is non-jurisdictional).

[8] *Kent Sussex Auto Care, Inc. v. Bd. of Adjustment*, No. 09A-02-002, 2009 WL 1152165, at *2 (Del. Super. Mar. 11, 2009) (quoting *Di's Inc. v. McKinney*, 673 A.2d 1199, 1202 (Del. 1996)).

deprive the [c]ourt of [j]urisdiction."[9]

Likewise, Biddles Construction cannot claim that the clerk's failure to reject its submission created some kind of reliance interest that preserved jurisdiction. The company has not cited any binding authority in support of its argument. And it would make little sense if a party's reliance on an omission by court personnel might be ground to enlarge the statutory jurisdiction of the Court of Common Pleas. The General Assembly granted the court only the jurisdiction permitted by the statute, and nothing more. As the Delaware Supreme Court stated long ago, confronting a similar issue, even an omission by a clerk does not relieve a self-represented party of its obligation to abide by the statutory requirements to invoke a court's jurisdiction:

> Speaking generally, we know of no duty imposed on Clerks of courts to advise litigants, and the dangers and embarrassments inherent in such practice are readily foreseeable. There is also a limit to the indulgence which courts of this State uniformly extend to persons undertaking to act for themselves in matters of litigation. We cannot, set aside a statute; nor ought we to labor to set up an equity by imputing, upon insufficient grounds, a default to the Clerk in order that the appellant may be saved the consequences of his own inattention. He finally learned of the provisions of the statute and rules relating to appeals; and what he learned too late, he easily and seasonably could have learned to his possible advantage.[10]

Neither Biddles Construction's reliance argument nor its contention that the failure to properly file was excusable neglect can overcome the plain language of the

---

[9] *Dzedzej v. Prusinski*, 259 A.2d 384, 385 (Del. Super. 1969).

[10] *Casey v. S. Corp.*, 29 A.2d 174, 178 (Del. 1942).

statute. The Court of Common Pleas was without jurisdiction, and properly granted the Seeleys' motion to dismiss the appeal.

## CONCLUSION

Because the court below properly held that it lacked jurisdiction to hear the appeal, the order of the Court of Common Pleas is **AFFIRMED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh