# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WYKEEMA GRIFFIN,               )
                               )
        Appellant,             )
                               )
    v.                         )          C.A. No. N20A-12-006 CEB
                               )
EDGAR RAMIREZ, d/b/a           )
LATINO'S AUTO REPAIR,          )
                               )
        Appellee.              )

## ORDER

Submitted: September 1, 2021
Decided: November 30, 2021

*Upon Consideration of Wykeema Griffin's Appeal from a Decision of the Delaware Court of Common Pleas,*
**AFFIRMED.**

Wykeema Griffin, Wilmington, Delaware.  *Pro se Appellant*.

Edgar Ramirez, Bear, Delaware.  *Pro se Appellee*.

**BUTLER, R.J.**

Appellant Wykeema Griffin has appealed a decision of the Delaware Court of Common Pleas ("CCP") that dismissed her appeal from a Delaware Justice of the Peace Court ("JP Court") verdict as untimely.

1. Ms. Griffin sued Edgar Ramirez, as proprietor of Latino's Auto Repair, in the JP Court. She sought damages resulting from a motor vehicle accident that she claimed was caused by steering and tire malfunctions that Mr. Ramirez was supposed to fix but did not. After trial, the JP Court found insufficient proof of Mr. Ramirez's liability and therefore ruled against Ms. Griffin.[1]

2. The JP Court docketed its judgment on January 29, 2020.[2] Ms. Griffin had 15 days from that date to appeal to the Court of Common Pleas.[3] The JP Court informed her of this.[4] But she did not docket her appeal for 16 days.[5] CCP accordingly dismissed the appeal. The Court explained that the 15-day deadline is jurisdictional and so requires strict compliance absent unusual circumstances that CCP did not find present here.[6]

---

[1] Notice of J., *Griffin v. Ramirez*, No. JP13-19-011512, at 1–2 ("JPC Op.").
[2] *Id.*
[3] *See generally* 10 *Del. C.* § 9571(b) (2020).
[4] JPC Op. at 2 ("NOTICE OF APPEAL RIGHTS[:] Final Date of Appeal of a Civil Case to the Court of Common Pleas is 15 days from the judgment."); *see Short v. Johnson*, 2015 WL 1609328, at *1 (Del. Ct. Com. Pl. Mar. 30, 2015) (presuming absent contrary evidence that JP Court decision mailed to appellant had been read in full); *see also* D.I. 9 at 2, 4 (Appellant's Opening Br.) (confirming knowledge of due dates and explaining delay).
[5] *See* Notice of Appeal, Feb. 14, 2020, *Griffin v. Ramirez*, No. CPU4-20-000793.
[6] *See Griffin v. Ramirez*, 2020 WL 6779049, at *1 (Del. Ct. Com. Pl. Nov. 18, 2020).

3. This *pro se* appeal followed. Ms. Griffin argues CCP ignored federal cases that, in her view, found Delaware's appeal-filing deadlines not jurisdictional bars, but rather, mere claim-processing rules. She further claims CCP waived the filing deadline because it did not tell her on the day she filed her appeal that her appeal was too late. She insists alternatively that her tardiness should be deemed "excusable" because she simply miscounted by one day and because CCP treated her appeal as if it were timely before realizing it was not. As expected, Mr. Ramirez defends CCP's decision. For the reasons below, the Court affirms.

4. This Court has appellate jurisdiction to review final orders of the Court of Common Pleas.[7] Here, CCP dismissed Ms. Griffin's appeal on jurisdictional grounds—a ruling the Court reviews *de novo*.[8] And this Court will not disturb the factual findings that underpin CCP's legal analysis "unless those findings are clearly wrong."[9]

5. *Pro se* pleadings generally are construed more liberally than counseled ones.[10] But "[t]here is no different set of rules for *pro se*" litigants.[11] As a result,

---

[7] *See generally* 10 *Del. C.* § 1326(a) (2020).

[8] *E.g.*, *Imbragulio v. Unemp. Ins. Appeals Bd.*, 223 A.3d 875, 878 (Del. 2019).

[9] *Anderson v. State*, 21 A.3d 52, 57 (Del. 2011) (internal quotation marks omitted).

[10] *See, e.g.*, *Browne v. Robb*, 583 A.2d 949, 959 (Del. 1990); *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

[11] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

"procedural requirements will not be relaxed."[12] The Court cannot disregard or rewrite controlling law to accommodate a *pro se* party.[13]

6. The decision below must be affirmed. Title 10, Section 9571 of the Delaware Code sets a 15-day deadline for filing an appeal from the JP Court to the Court of Common Pleas.[14] That deadline is jurisdictional.[15] Failure to comply with it—even by one day—will result in dismissal.[16] Here, Ms. Griffin filed her appeal one day too late. Accordingly, the Court of Common Pleas lacked jurisdiction and so properly dismissed the case.

7. Ms. Griffin directs the Court to a few U.S. Supreme Court decisions that she believes force the Court to reach the opposite conclusion. They do not.

8. Ms. Griffin contends, per *Hamer v. Neighborhood Housing Services of Chicago*,[17] that appeal-filing deadlines never mandate dismissal because they are

---

[12] *Mikkilineni v. PayPal, Inc.*, 2021 WL 2763903, at *9 n.89 (Del. Super. Ct. July 1, 2021) (internal quotation marks omitted).

[13] *See, e.g.*, *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015); *see also Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) ("[S]elf-representation is not a blank check for defect." (internal quotation marks omitted)).

[14] 10 *Del. C.* § 9571(b).

[15] *E.g.*, *Lenape Assocs. v. Callahan*, 1992 WL 354216, at *1 (Del. Oct. 26, 1992) ("It is well-settled that § 9571 is a jurisdictional statute governing the right of appeal from Justice of the Peace Courts.").

[16] *E.g.*, *Couch v. Dunn*, 1995 WL 478372, at *1 (Del. Aug. 10, 1995) (stating principle and affirming dismissal of untimely JP Court appeal filed 16 days after JP Court decision); *see generally Imbragulio*, 223 A.3d at 878 ("The timely filing of an appeal is mandatory and jurisdictional." (internal quotation marks omitted)).

[17] 138 S. Ct. 13 (2017).

4

non-jurisdictional claim-processing rules. But *Hamer* drew a finer distinction. *Hamer* held that statutory appeal-filing deadlines, like Section 9571, *are* jurisdictional, whereas similar non-statutory deadlines *are not*:

> [A] provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time. A time limit not prescribed by Congress ranks as a mandatory claim-processing rule . . . . Failure to comply with a jurisdictional time prescription . . . necessitat[es] dismissal.[18]

*Bowles v. Russell*,[19] another case Ms. Griffin offers, applied the same reasoning.[20] So the cases Ms. Griffin cites actually support the decision below.

9. Nor can Ms. Griffin evade the deadline by calling her mistake "unwilful neglect."[21] Section 9571 is jurisdictional and so non-waivable.[22] As a result, the law does not recognize an "excusable neglect" defense to missing the deadline.[23] Otherwise, courts would sometimes resolve cases they lacked authority to hear. They cannot do that.[24]

---

[18] *Id.* at 17 (citations omitted). For present purposes, the Delaware General Assembly can be substituted for the federal Congress.

[19] 551 U.S. 205 (2007).

[20] *Id.* at 209–13. *Bowles* also overruled *Thompson v. INS*, 375 U.S. 384 (1964)— Appellant's last case. *See Bowles*, 551 U.S. at 214. So the Court need not discuss *Thompson* at all.

[21] D.I. 9 at 4 (Appellant's Opening Br.).

[22] *E.g.*, *Gorman v. Stier*, 2000 WL 1888172, at *1 (Del. Dec. 20, 2000).

[23] *E.g.*, *Lenape Assocs.*, 1992 WL 354216, at *2–3; *accord Freibott v. Patterson Schwartz, Inc.*, 740 A.2d 4, 5 & n.3 (Del. Super. Ct. 1999).

[24] *E.g.*, *Eller v. State*, 531 A.2d 951, 952–53 (Del. 1987); *Cooper v. Del. Dep't of Health & Social Servs.*, 2018 WL 6333952, at *1 (Del. Super. Ct. Dec. 4, 2018).

10. True, there is a narrow exception for court staff errors that cause an appeal to be filed outside the deadline.[25] But that is not what happened here. Ms. Griffin miscounted the days.[26] Her appeal was untimely before CCP received it.[27]

11. For that reason, Ms. Griffin's complaints about how CCP personnel handled her case—*e.g.*, scheduling pre-trial conferences and other administrative milestones as if the case were timely—fare no better. Court inefficiencies do not enlarge or toll statutory deadlines, especially where, as here, the filing was untimely from the start.[28] Even so, any delay in identifying Ms. Griffin's error cannot change the outcome. CCP, like all courts, must dismiss *whenever* it learns it lacks jurisdiction over the claim.[29] It therefore had no duty to detect the error faster.[30]

---

[25] *E.g.*, *Lenape Assocs.*, 1992 WL 354216, at *3.

[26] D.I. 9 at 1–2 (Appellant's Opening Br.) ("I interpreted the notice as 14 days from receipt of the judgement" and assumed mailing would have "taken away 2-3 days.").

[27] *See Short*, 2015 WL 1609328, at *1 ("When a party fails to perfect an appeal within the proscribed time period under § 9571, a jurisdictional defect is created which may not be excused in the absence of unusual circumstances that are *not attributable to the appellant* . . . ." (alteration and internal quotation marks omitted)).

[28] *See Biddles Constr., LLC v. Seeley*, 2016 WL 6126251, at *2 (Del. Super. Ct. Oct. 19, 2016) ("[Appellant] cannot claim that the clerk's failure to reject its submission created some kind of reliance interest that preserved jurisdiction . . . . [It] would make little sense if a party's reliance on an omission by court personnel [could] enlarge the . . . jurisdiction of the Court of Common Pleas. The General Assembly granted the court only the jurisdiction permitted by the statute, and nothing more.").

[29] *E.g.*, Del. Ct. Com. Pl. Civ. R. 41(f), 72.3(f); *see* Del. Super. Ct. Civ. R. 12(h)(3).

[30] *E.g.*, *Hamer*, 138 S. Ct. at 17 ("The jurisdictional defect is not subject to waiver or forfeiture and may be raised at any time in the court of first instance and on direct appeal." (footnote omitted)); *see Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 477, 481–82 (Del. 1989) (dismissal on direct appeal); *Baltimore v. Wilson*, 2014 WL 3534986, at *1 (Del. Ct. Com. Pl. Jan. 30, 2014) (dismissal in court of first instance).

12. Finally, Ms. Griffin urges that dismissing her case because of a one-day miscount would be inequitable. The Court is mindful of the difficulties *pro se* litigants face in attempting to satisfy the law's technicalities. But Ms. Griffin's "*pro se* status does not excuse [her] failure to comply with statutory law"[31] or "with . . . jurisdictional requirements."[32] Section 9571 is a rigid statute known for producing "harsh" consequences like this.[33] Indeed, Ms. Griffin is not the first to suffer them. The appellant in *Couch v. Dunn* lodged her appeal on day 16 too.[34] The Delaware Supreme Court nevertheless affirmed the dismissal of her appeal.[35] Ms. Griffin has the Court's sympathies, but it is bound to do the same here.

13. Ms. Griffin's appeal was untimely and so deprived CCP of jurisdiction to consider it. Accordingly, the decision below is **AFFIRMED**.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge

---

[31] *Gibbs v. Morris*, 2011 WL 252952, at *1 (Del. Jan. 27, 2011) (italicization added).

[32] *Smith v. State*, 2002 WL 31109924, at *1 (Del. Sept. 19, 2002).

[33] *Delcampo v. Wilmington Autoworks*, 1990 WL 63820, at *1 (Del. Super. Ct. Apr. 26, 1990) (citing *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988)); *see also Hamer*, 138 S. Ct. at 17 (acknowledging in the jurisdictional deadline context that dismissal due to untimeliness is "drastic" but observing that it is necessary).

[34] 1995 WL 478372, at *1.

[35] *Id.*